UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal Number |
| | ) | 1:06CR00001 |
| CARLOS DAVID CARO | ) | |

<u>CARLOS DAVID CARO'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE TO PROHIBIT DEFENDANT FROM INTRODUCING EVIDENCE OF THE EXISTENCE OF MAXIMUM SECURITY FEDERAL PRISONS WITH SECURED CONTROL UNITS IN ORDER TO ESTABLISH A MITIGATING FACTOR</u>

Comes now the Defendant, Carlos David Caro, through undersigned counsel, Stephen Kalista and James A. Simmons, and files this response to the Government's Motion in Limine regarding Maximum Security Federal Prisons with Secured Control Units.

The procedural history of this case is briefly stated as follows:

1. The Accused, Carlos David Caro, was charged with First Degree Premeditated Murder in Violation of Title 18, United States Code, Sections 7 & 1111 by indictment entered on the 3rd day of January, 2006.

2. The indictment alleges Carlos David Caro willfully, deliberately, maliciously, and with premeditation and malice aforethought did unlawfully kill Robert Sandoval on December 17, 2003.

3. The United States Attorney filed a Notice of Intent to Seek the Death Penalty on January 11, 2006.

4. Carlos David Caro has been declared indigent.

5. Carlos David Caro has entered a plea of Not Guilty.

6. The trial of this case is scheduled to begin on July 31, 2006, in the United States Court, Western District of Virginia, Abingdon Division.

7. Subsequent to December 17, 2003, Carlos David Caro has been housed, without incident to other inmates or staff, at USP - Lee, Virginia; USP - Atlanta, Georgia; and ADX - Florence, Colorado. Evidence that Carlos Caro has adjusted well subsequent to this incident and the conditions of that adjustment are clearly admissible as mitigation. See *Skipper v. South Carolina*, 476 U.S. 1, 106 S.Ct. 1669, 90 L.Ed.2d 1 (1986). Also, evidence of Mr. Caro's adjustment and conduct is admissible as a mitigating factor under Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978). Lockett mandates that a mitigating factor is "any aspect of the defendant's character or record and any circumstances of the offense that the defendant proffers as a basis for a sentence less than death."

8. In a recent case, United States of America v. Zacarias Moussoui, United States District Court, Eastern District of Virginia, Alexandria Division, Criminal case number 01-455-A, the Court permitted evidence pertaining to maximum security prisons. The Court then instructed the jury to consider the following mitigating factors:

- the Federal Bureau of Prisons has the authority and ability to maintain Zacarias Moussoui under highly secure conditions
- that given his conduct, and the likely conditions of his maximum security confinement, Zacarias Moussoui will not present a substantial risk to prison officials or other inmates if

> he is sentenced to life imprisonment without the possibility of release
>
> - that a sentence of life in prison without the possibility of release, under the strict conditions the Bureau of Prisons is likely to impose, will be a more severe punishment to Zacarias Moussoui than a sentence of death

(See, Special Verdict Form for Phase 2 attached hereto as Exhibit A.)

9. In the government's Notice of Intent to Seek the Death Penalty, future dangerousness is listed as a non-statutory aggravating factor. Under the heading Future Dangerousness, the government lists a) continuing pattern of violence and recidivist conduct; b) low rehabilitative potential; and c) lack of remorse. As indicated by the government in footnote 2, "the United States recognizes that the Defendant is entitled to counter the government's evidence that the Defendant would pose a continuing risk to society while in prison, that being offered to establish an aggravating factor." In addition to an independent mitigating factor, the defense intends to offer proof regarding the ability of the Bureau of Prisons to manage Carlos Caro in an appropriate setting. Such proof in rebuttal to the future dangerousness aggravator is clearly admissible and relevant.

10. In its brief, the government suggests that 18 U.S.C. § 3592(a) is a limitation on what evidence can be considered in mitigation. The government suggests that mitigation is limited to the defendant's background, record, or character or any other circumstances of the

offense that mitigate against the imposition of the death penalty. A similar argument was presented and rejected in <u>Belmontes v. Brown</u>, 414 F.3d 1094 (9th Cir. 2005) (cert granted, United States Supreme Court).

11. The California death penalty statute has a unique mechanism for guiding the jury's discretion. Instead of separate sets of aggravating and mitigating circumstances, the statute features an eleven (11) factor test which focuses the jury's attention on the specifics of the crime and the background and character of the defendant. The eleventh factor - - factor k - - is intended to function as a catchall that will enable the jury to consider any relevant mitigating circumstance that the defendant proffers as a basis of obtaining a sentence less than death. The jury is obligated to weigh and balance the aggravating and mitigating circumstances and must impose the death penalty if it determines that the circumstances in aggravation outweigh the circumstances in mitigation.

12. The defense in <u>Belmontes</u> requested a supplemental instruction which was given in part. The part that was given read:

> The mitigating circumstances which I have read for your consideration are given to you merely as examples of some of the factors that you may take into account as reasons for deciding not to impose a death penalty or a death sentence on Mr. Belmontes. You should pay careful attention to each of these factors. Any one of them standing alone may support a decision that death is not the appropriate punishment in this case.

13. The other half of the instruction which the trial judge refused to give stated:

> You should not limit your consideration of mitigating circumstances to these specific factors. You may also consider any other circumstances . . . for not imposing the death sentence.

14. The Court concluded that it was reversible error for the trial court to limit the jury's consideration of constitutionally relevant "forward-looking" mitigating factors. The Court in part stated as follows:

> The Eighth Amendment requires that a capital jury consider all relevant mitigating evidence offered by the defendant and afford it such weight as it deems appropriate. *Penry v. Johnson*, 532 U.S. 782, 797, 150 L.Ed.2d 9, 121 S.Ct. 1910 (2001); *see also Eddings v. Oklahoma*, 455 U.S. 104, 114-15, 71 L.Ed.2d 1, 102 S.Ct. 869 (1984) ("The sentencer . . . may determine the weight to be given relevant mitigating evidence. But [it] may not give it no weight by excluding such evidence from [its] consideration."); *Lockett v. Ohio*, 438 U.S. 586, 604, 57 L.Ed.2d 973, 98 S.Ct. 2954 (1978) (holding that the Eighth Amendment requires that the sentencer consider "*as a mitigating factor*, any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death") (emphasis in original). This broad mandate includes the duty to consider mitigating evidence that relates to a defendant's probable future behavior, especially the likelihood that he would not pose a future danger if spared but incarcerated. *Skipper v. South Carolina*, 476 U.S. 1, 4-5, 90 L.Ed.2d 1, 106 S.Ct. 1669 (1986). Factor (k) provides the only mechanism for allowing the jury to consider a substantial portion of many defendants' mitigating evidence - - indeed, all mitigating evidence that does not relate to the circumstances of

5

the crime or the defendant's age and criminal record.

To pass constitutional muster, the trial judge's instructions must convey to the jury that factor (k) compels it to consider all relevant mitigating evidence proffered by the defendant as a basis for a sentence less than death. "It is not enough simply to allow the defendant to present mitigating evidence to the sentencer." *Penry v. Lynaugh*, 492 U.S. 302, 319, 106 L.Ed.2d 256, 109 S.Ct. 2934 (1989). Rather the trial judge's instructions must convey "that the sentencer may not be precluded from considering, and may not refuse to consider, any constitutionally relevant mitigating evidence." *Buchanan v. Angelone*, 522 U.S. 269, 276, 139 L.Ed.2d 702, 118 S.Ct. 757 (1998), citing *Penry*, 492 U.S. at 317-18; *Eddings*, 455 U.S. at 113-14; *Lockett*, 438 U.S. at 604.

The same type of evidence, however, can serve an alternative forward-looking purpose, mitigating in a manner wholly unrelated to a petitioner's culpability for the crime he committed. This alternative purpose has nothing to do with persuading the jury that the defendant is *less culpable* with respect to the crime because of some aspect of his family background, personal history, character, or mental capacity. Rather, as defined by the Supreme Court in *Skipper v. South Carolina*, the jury must "consider [ ] a defendant's past conduct as indicative of his *probable future behavior*" and "draw [ ] favorable inferences" about a defendant's "probable future conduct if sentenced to life in prison." 476 U.S. at 4-5 (emphasis added). The Court characterized this kind of mitigation as "an inevitable and not undesirable element of criminal sentencing" and stated that, even though these kinds of inferences "would not relate specifically to petitioner's culpability for the crime the committed, *there is no question but that such inferences would be mitigating* in the sense that they might serve as basis for a sentence less than death." *Id*., at 4-5 (emphasis added) (citations and internal

6

>quotation marks omitted).  Accordingly, the Court held that "under *Eddings*, such evidence may not be excluded from the sentencer's consideration." *Id.*, at 5.  The Court's opinion in *Boyde* did not address whether a reasonable jury would have interpreted the unadorned factor (k) instruction to include the use of this same type of evidence for a forward-looking purpose which serves to mitigate without ameliorating the crime. *Boyde*, 494 U.S. at 382 (distinguishing *Boyde* from *Skipper* on the ground that Boyde's mitigation evidence "was introduced not to demonstrate that he was a 'model prisoner' like Skipper and therefore unlikely to present a risk of future dangerousness but. . . as part of petitioner's overall strategy to portray himself as less culpable than other defendants due to his disadvantaged background and his character strengths in the face of those difficulties.").

15. The restrictions and limitations sought by the government would preclude considerations encompassed by the Supreme Court's decision in *Skipper*:

>evidence that allows the jury to evaluate the defendant's probably future conduct if incarcerated for life without the possibility of parole - - specifically, evidence that would tend to prove that Belmontes would likely live a constructive life if permanently confined within a structured environment.  These important sentencing considerations are simply not in any respect circumstance[s] that extenuate [ ] the gravity of the crime. *See Skipper*, 476 U.S. at 4. (stating that lack of future dangerousness does "not relate specifically to petitioner's culpability for the crime he committed.")

WHEREFORE, for the foregoing reasons, evidence relating to maximum security Federal Prisons with secured control units and their procedures and operations is admissible as a mitigating factor.  In addition, this evidence is admissible in rebuttal of the aggravating factor of future dangerousness.  The

7

defense intends to introduce competent evidence relating to the Bureau of Prisons' classification procedure, programs, administrative segregation, and other security procedures which are relevant to Carlos Caro's future and conditions of confinement if sentenced to life in prison without the possibility of parole.

    Respectfully submitted,

    CARLOS DAVID CARO
    BY COUNSEL

    s/Stephen J. Kalista_____
    STEPHEN J. KALISTA, Esq.
    Counsel for Defendant
    VSB No. 15603
    PO Box 1186
    Big Stone Gap, VA 24219
    Ph.  276-523-1950
    Fax 276-523-1949
    Email:  skalista@mounet.com

    s/James A. Simmons_____
    JAMES A. SIMMONS, Esq.
    Counsel for Defendant
    TN Bar ID No.  10107
    1208 17th Avenue South
    Nashville, TN 37212
    Ph.  615-329-9122
    Fax  615-320-4159
    Email:  jas52@earthlink.net

CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John Brownlee, USA, and Anthony Giorno, AUSA

                                        s/Stephen J. Kalista_____
                                        Stephen J. Kalista