# UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
*Abingdon Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CARLOS DAVID CARO, | ) | Case No. 1:06-cr-00001 |
| Defendant | ) | |

In this capital case, all nondispositive pretrial motions were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Criminal Procedure 59(a) for decision. These matters were heard before the undersigned on May 24, 2006. Based on the reasons stated at the hearing and as set forth below, an appropriate order will be entered.

The government has moved in limine to prohibit the defendant from presenting evidence of the existence of maximum security facilities with secured control units and to prohibit the defendant from presenting evidence regarding the effect that the defendant's execution would have on his family and loved ones as mitigating factors against imposition of the death penalty in this case. (Docket Item No. 119). In support of its motion, the government argues that the Federal Death Penalty Act, ("the Act"), at 18 U.S.C. § 3592, limits the mitigating factors that may be considered to only those factors specific to the defendant. In denying these portions of this motion, the court specifically finds that 18 U.S.C. §3592 does not limit the mitigating factors that may

-1-

be considered to only those factors specific to the defendant. In particular, the statute states that "the finder of fact shall consider *any* mitigating factor,...." 18 U.S.C.A. §3592(a) (West 2000) (emphasis added); *see U.S. v. Sampson*, 335 F. Supp. 2d 166, 194-95 ( D. Mass. 2004) (holding that the Act demands that the fact finder consider any mitigating factor, including those other than the defendant's character and record and the circumstances of the offense) cited in *U.S. v. Bodkins*, 2005 WL 1118158 at *8 (W.D. Va. May 11, 2005) (holding that, as evidenced by the broad language in the opening sentence of the statute, the list included in 18 U.S.C. §3592(a) is not intended to be all inclusive). Therefore, these portions of the government's motion in limine will be denied.

The government also has moved in limine to prohibit defense counsel from asserting a proportionality argument that would compare the defendant's conduct to others convicted of murder. (Docket Item No. 119). The undersigned agrees with the government that the plain language of 18 U.S.C. § 3592(a)(4) applies only to co-defendants or accomplices involved in the capital crime at issue before the jury. *See U.S. v. Beckford,* 962 F. Supp. 804, 811-12 (E.D. Va. 1997) (court held a similarly worded mitigating factor found in 21 U.S.C. § 848(m)(8) applied only to co-defendants involved in the capital crimes at issue before the court). Based on the court's broad reading of 18 U.S.C. § 3592, as outlined above, however, the fact finder may consider *any* mitigating factor.

In support of its argument, the government has cited the case of *U.S. v. Regan*, 221 F. Supp. 2d 659 (E.D. Va. 2002). In *Regan*, the court held that proportionality evidence relating to the harm done in other espionage cases could not be used as a

mitigating factor because it lacked probative value and there was a significant danger of confusing the issues and misleading the jury. *See* 221 F. Supp. 2d at 660-61. In *Sampson*, the court disagreed with the conclusion of *Regan* "that the harm done by other capital defendants was irrelevant to the determination of the appropriate sentence" in a capital case. 335 F. Supp. 2d at 197. Instead, the court in *Sampson* held that, while evidence of the penalties imposed in other similar death penalty cases was relevant to the determination of the appropriate penalty in the case before, it, nevertheless excluded the evidence the defendant sought to admit under the balancing test found in 18 U.S.C. § 3593(c). *See* 335 F. Supp. 2d at 194.

In this case, defense counsel is not asserting that he should be allowed to present evidence on this issue, but rather that he should be free to argue the issue before the jury. In particular, counsel argues that he should be allowed to comment in argument to the "egregious disparities and arbitrary nature of federal death penalty litigation," including making reference to recent specific well-publicized cases in which the death penalty has not been sought or imposed. It is hard to understand at this stage of the proceedings how a proportionality argument would be appropriate given the fact that counsel concedes that he does not intend to attempt to introduce any evidence with regard to the issue. That being the case, I will grant the government's motion insofar as to order that such an argument may not be raised in opening statements. Whether defense counsel should be allowed to raise such an argument in his closing I believe is a decision best left to the trial judge based on the evidence presented.

In a similar vein, the defendant has moved to bar the government's general

Case 1:06-cr-00001-JPJ   Document 147   Filed 05/25/06   Page 3 of 6   Pageid#: 753

deterrence arguments at the penalty phase, (Docket Item No. 87). In opposition to this motion, the government has provided the court with a number of cases in which such arguments have been allowed. *See Davis v. Kemp*, 829 F.2d 1522, 1527-28 (11th Cir. 1987); *Brooks v. Kemp*, 762 F.2d 1383, 1409 (11th Cir. 1985), *judgment vacated on other grounds,* 478 U.S. 1016 (1986); *Washington v. U.S.*, 291 F. Supp. 2d 418, 440 (W.D. Va. 2003). In a couple of these cases, the defendants were prosecuted under state law. Those courts held only that general deterrence arguments were not constitutionally infirm. The other case, which was before Judge Jones, was a federal case, but it was not a death penalty case. Furthermore, there was no issue raised in that case as to a general deterrence argument.[1] *See also U.S. v. Sanchez-Sotelo*, 8 F.3d. 202, 211 (5th Cir. 1993) (trial court did not commit clear error for refusing defense motion for a mistrial based on prosecutor's argument to jury to "send a message" to other drug dealers).

Thus, none of these courts considered whether such a general deterrence argument violates the Act itself, the language of which explicitly limits the items that the fact finder may consider in deciding whether imposition of the death penalty is justified to statutory and nonstatutory "aggravating factors for which notice has been given." 18 U.S.C.A. § 3592(c). As with the language regarding mitigating factors, it appears that the language regarding aggravating factors is broad enough to allow such evidence and argument to be considered, if the government were to give the proper notice. In this case, the government has not. Therefore, I will grant the defendant's motion to bar the government from making a general deterrence argument at the

---

[1] In the *Washington* case, Judge Jones held only that it was not improper for prosecutors to ask jurors to act "as the conscience of the community." 291 F. Supp. 2d at 440.

-4-

penalty phase. *See Vireck v. U.S.*, 318 U.S. 236, 247 (1943) (arguments "wholly irrelevant to any facts or issues in the case, the purpose and effect of which could only have been to arouse passion and prejudice" impermissibly prejudice a defendant's right to a fair trial); *see also U.S. v. Monaghan*, 741 F.2d 1434, 1441 ( D.C. Cir. 1984) (a prosecutor may not urge jurors to convict a criminal defendant in order to deter future law breaking).

The defendant has moved for a pretrial hearing to allow judicial review of the government's victim impact evidence, (Docket Item No. 106), and evidence regarding the statutory and nonstatutory aggravating factors, (Docket Item No. 121). In support of these motions, defense counsel argues that the court must make a pretrial determination deciding what, if any, of the government's evidence will be allowed to be presented at trial. In essence, defense counsel argues that the government should be required to present all such evidence to the court in a pretrial hearing in the same manner it intends to present the evidence at trial to allow the court to determine what evidence it will allow the government to present. In support of these motions, defense counsel cites two cases: *Payne v. Tenn.*, 501 U.S. 808 (1991) and *U.S. v. Grande*, 353 F. Supp. 2d 623 (E.D.Va. 2005).

Based on a review of these cases, the court finds that neither of these cases stands for the proposition that the court is required to conduct any such pretrial hearings. In *Payne* the Supreme Court overruled it previous decisions in *Booth v. Md.*, 482 U.S. 496 (1987) and *S.C. v. Gathers*, 490 U.S. 805 (1989), and held that the Eighth Amendment erects no per se bar to the admission of victim impact evidence or argument by the prosecution on the subject. *See* 501 U.S. at 827. I can find

nowhere in *Payne* where the Supreme Court required a court to conduct a pretrial review of such evidence. Furthermore, in *Grande,* Judge Gerald Bruce Lee of the Eastern District of Virginia specifically held that the Act did not require the government to identify the specific evidence that it intended to use during sentencing as long as the government had provided the defendant with adequate notice of the statutory and nonstatutory aggravating factors it intended to raise as required by 18 U.S.C. §3592(c). *See* 353 F. Supp. 2d at 636.

Furthermore in *U.S. v. Church*, District Judge James P. Jones, to whom this case is assigned, denied a request by defense counsel that the government be required to submit a written statement of the anticipated testimony of each victim impact witness for review by the court for admissibility prior to the penalty phase of the trial. *See* 2001 WL 1661706 at *2 (W.D. Va. Dec. 27, 2001); *see also U.S. v. Jordan*, 357 F. Supp. 2d 889, 906 (E.D. Va. 2005) (defendants' motion for court preview of victim impact evidence denied based on finding that there is no statutory requirement to conduct such a hearing). Therefore, these motions will be denied.

An appropriate order will be entered.

ENTER: May 25, 2006.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE