# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:06CR00001 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **CARLOS DAVID CARO**, ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendant. ) | |

*Steven J. Kalista, Big Stone Gap, Virginia, and James Simmons, Nashville, Tennessee, for Defendant.*

The defendant Carlos David Caro is a federal inmate, charged in this case with the first degree murder of his cellmate, Roberto Sandioval. *See* 18 U.S.C.A. § 1111(a) (West Supp. 2006). The government is seeking the death penalty, and trial is set to begin on January 22, 2007. The defendant is indigent and is represented by court-appointed counsel.

On June 12, 2006, counsel for the defendant filed an ex parte motion seeking approval of the employment of a "jury selection expert" named Maureen McLaughlin. According to counsel, the duties of Ms. McLaughlin would include "evaluating the jury questionnaires, being present during the jury selection process to assist counsel in formulating additional questions for the court to propose to the jurors, and advising counsel so [that] we may intelligently exercise our peremptory strikes in the best

interest of our client." (Mot. ¶ 4.) According to her curriculum vitae, Ms. McLaughlin, who has a bachelor's degree in political science, has long experience in jury consulting.

The motion was referred to United States Magistrate Judge Pamela Meade Sargent, who denied it by order entered July 13, 2006. The basis for the denial by Judge Sargent was that the case is factually uncomplicated, involving only one defendant, and that many of the services proposed would be unnecessary in this case or otherwise could be performed by a paralegal at less expense. The defendant filed a timely objection to the decision of the magistrate judge on July 17, 2006, which objection is now before me for determination.[1]

The order of the magistrate judge will not be set aside unless it is contrary to law or clearly erroneous. *See* Fed. R. Crim. P. 59(a). The defendant argues that a jury selection expert is "necessary for adequate representation," 18 U.S.C.A. §

---

[1] While this matter was handled by the magistrate judge on an ex parte basis, in light of my disposition of the motion, ex parte consideration is not necessary and the present opinion and order will not be sealed. *See* USA PATRIOT Improvement and Reauthorization Act of 2005, Pub. L. 109-177, § 222(a), 120 Stat. 192, 232 (2006) (to be codified at 18 U.S.C. § 3599(f)) (providing that motion for expert services in a capital case may not be considered ex parte "unless a proper showing is made concerning the need for confidentiality"). I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

-2-

3006A(e)(1) (West Supp. 2006), and that denial of this service would violate his due process and equal protection rights guaranteed by the Constitution.

There is considerable controversy concerning the efficacy of consultants in jury selection. *See* Franklin Strier & Donna Shestowsky, *Profiling the Profilers: A Study of the Trial Consulting Profession, Its Impact on Trial Justice and What, If Anything, To Do About It*, 1999 Wis. L. Rev. 441, 458-64 (1999) (reviewing various assessments of trial consulting and concluding that impact of such experts is "immune to empirical verification"). Regardless, I do not find erroneous the magistrate judge's finding that the defendant has failed to show a reasonable need for these services in this particular case. In addition to the factors noted by the magistrate judge, it is clear that this case is not likely to be burdened with extensive pretrial publicity, a situation where jury consultants are "especially prevalent." Rachel Hartje, Comment, *A Jury of Your Peers?: How Jury Consulting May Actually Help Trial Lawyers Resolve Constitutional Limitations Imposed on the Selection of Juries*, 41 Cal. W. L. Rev. 479, 499 (2005).

As to the constitutional argument, a clear majority of courts have found no such right to these services in a capital case. *See* Steven C. Serio, Comment, *A Process Right Due? Examining Whether a Capital Defendant Has a Due Process Right to a Jury Selection Expert*, 53 Am. U. L. Rev. 1143, 1177-80 (2004) (reviewing cases).

As noted in a leading case, "[c]ommunicating with the jury is a quintessential responsibility of counsel" and thus "indigent defendants are not privileged to force the state to expend its funds on this exercise in bolstering an attorney's fundamental skills." *Moore v. Johnson*, 225 F.3d 495, 503 (5th Cir. 2000).

For these reasons, it is **ORDERED** that the objection (#236) to the magistrate judge's order (#228) is DENIED.

ENTER: August 11, 2006

/s/ JAMES P. JONES
Chief United States District Judge