# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:06CR00001 |
| v. ) | |
| ) | **OPINION AND ORDER** |
| **CARLOS DAVID CARO**, ) | |
| ) | By: James P. Jones |
| Defendant. ) | Chief United States District Judge |
| ) | |

*John L. Brownlee, United States Attorney, and Anthony P. Giorno, Assistant United States Attorney, Roanoke, Virginia, for United States of America; James A. Simmons, Nashville, Tennessee, and Steven J. Kalista, Big Stone Gap, Virginia, for Defendant.*

In this capital criminal case, all nondispositive matters have been referred to the magistrate judge for determination. *See* Fed. R. Crim. P. 59(a). The magistrate judge has determined certain motions filed by the parties, *see United States v. Caro*, 433 F. Supp. 2d 726 (W.D. Va. 2006), to which the parties have filed timely objections. These objections were the subject of a hearing before this court and are now ripe for decision. I may modify or set aside any part of the magistrate judge's order only if it is contrary to law or clearly erroneous. Fed. R. Civ. P. 59(a).

The motions, and the parties' objections thereto, will be considered seriatim.

## I. MOTION IN LIMINE BARRING GOVERNMENT'S GENERAL DETERRENCE ARGUMENTS AT PENALTY PHASE.

The defendant Carlos David Caro is a federal inmate, charged in this case with the first degree murder of his cellmate, Roberto Sandoval, Jr., at the United States penitentiary located in this district. *See* 18 U.S.C.A. § 1111(a) (West Supp. 2006). The defendant has moved for an order barring the government during the penalty phase of the trial from making "all form of general deterrence arguments, including 'send a message' arguments." (Mot. in Limine 1.) The defendant contends that such argument, unrelated to the defendant's individual culpability, would be improper.

The magistrate judge granted this motion, but on a different ground. She held that while the language regarding aggravating factors in the Federal Death Penalty Act, 18 U.S.C.A. §§ 3591-3598 (West 2000 & Supp. 2006) ("the Act"), is broad enough to allow a general deterrence argument, the government is precluded from making any general deterrence argument because it did not provide proper notice. In short, the magistrate judge found that general deterrence is an aggravating factor within the meaning of the Act and as such, it should have been included in the Notice of Intent to Seek the Death Penalty ("Notice"), required pursuant to 18 U.S.C.A. § 3593(a).

-2-

The government filed a timely objection to this portion of the magistrate's opinion. The government argues that there is no legal support for the magistrate judge's finding that general deterrence is an aggravating factor within the meaning of the Act.

After reviewing this motion and the magistrate judge's opinion, I agree with the government that general deterrence is not an aggravating factor within the meaning of the Act.

The Act requires that the government set forth in the Notice the aggravating factors the government proposes to prove as justifying a death sentence. 18 U.S.C.A. §3593(a).[1] While a general deterrence argument resembles an aggravating factor in that the purpose of such an argument would be to convince the jury that a death sentence is justified, unlike an aggravating factor, general deterrence is not a factor that the government proposes to prove. The issue of general deterrence in a death penalty case is a matter of argument and not of evidence. *See Brooks v. Kemp*, 762 F.2d. 1383, 1409 (11th Cir. 1985), *vacated on other grounds,* 478 U.S. 1016 (1986), *opinion reinstated*, 809 F.2d 700 (11th Cir. 1987) ("The prosecutor need not adduce

---

[1] The Notice filed in this case sets forth a number of statutory and non-statutory factors that the government says that it will "seek to prove," including the defendant's alleged future dangerousness and lack of remorse and the impact of the death of the victim on his family and friends. The Act permits amendment of the Notice for good cause. *See* 18 U.S.C.A.§ 3593(a).

-3-

evidence, therefore, to prove the link between death and deterrence."). In short, general deterrence is not an aggravating factor within the meaning of the Act, since a prosecutor need not introduce evidence of, nor prove, the deterrent effect of the death penalty.

On the merits of the defendant's motion, I find that it is not per se improper for the prosecutor to make an argument to the jury that the death penalty is a deterrent to others. *See United States v. Chandler*, 996 F.2d 1073, 1095 (11th Cir. 1993). On the other hand, any argument that misrepresents the jury's role in sentencing by suggesting that jurors abandon their duty to consider the individual case before them must be avoided. *See Brooks*, 762 F.2d at 1414 (holding improper prosecutor's exhortation to jury in penalty phase of capital case to consider themselves as soldiers in a "war on crime"). The prosecutor must be careful to eschew arguments that either by their nature or emphasis, divert the sentencing jury from its central task of administering individualized justice.

Nevertheless, because the defendant's motion seeks an order forbidding <u>any</u> general deterrence argument to the jury, I will overrule the magistrate judge and deny the motion.

-4-

## II. MOTION TO PERMIT ATTORNEY INDIVIDUAL VOIR DIRE.

The defendant has filed a motion requesting that his attorneys and the government's attorneys be allowed to conduct individual voir dire of prospective jurors. The magistrate judge denied this motion. I find that the magistrate judge's ruling was not contrary to law or clearly erroneous. Thus, for the reasons stated by the magistrate judge's opinion, I will affirm her decision.

## III. MOTION IN LIMINE TO BAR REFERENCE TO THE DEATH SENTENCE AS "JUSTIFIED" OR "APPROPRIATE."

The defendant has moved that the court bar reference to the death sentence as "justified" or "appropriate." The defendant claims that allowing these words to be used in any proceedings including voir dire would be a misstatement of the law and could mislead the jury. The magistrate judge denied this motion but gave no explanation for her decision.

I have reviewed the defendant's motion and will overrule the objection. I will define any necessary terms when I am instructing the jury, and hence, it is unclear to me how allowing these words would mislead the jury or misstate the law. If a conflict should arise during the trial between the common usage of these words and their use in the Act, I will address it then. In short, I will affirm the magistrate judge's denial as it is neither contrary to law nor clearly erroneous.

### IV. MOTION TO REQUIRE A PRETRIAL JUDICIAL REVIEW OF ALL VICTIM IMPACT EVIDENCE THE GOVERNMENT INTENDS TO INTRODUCE AT THE CAPITAL SENTENCING PROCEEDING.

The defendant has moved for an order requiring a pretrial judicial review of all victim impact evidence the prosecution intends to introduce in the capital sentencing phase. In her opinion denying the motion, the magistrate judge reviewed the case relied on by defense counsel, *Payne v. Tennessee*, 501 U.S. 808 (1991), and found that this case does not suggest that the court is required to conduct the type of pretrial hearing requested. For the reasons stated in her opinion, I will affirm the magistrate judge's denial of this motion.

### V. MOTION TO PROHIBIT THE PROSECUTOR FROM SUGGESTING THAT UNLESS CARLOS DAVID CARO IS EXECUTED IT WILL BE IMPOSSIBLE TO MAINTAIN CONTROL OR LAW AND ORDER IN THE FEDERAL PRISON SYSTEM.

The defendant has moved for an order barring the prosecutor from arguing to the jury that "the defendant must be executed to maintain control or law and order within the Federal Prison system." (Mot. 1.) The government objects to such order because it intends to introduce evidence in the sentencing phase that the defendant poses a future danger to other inmates and the prison staff.

The government has asserted in its Notice that it intends to rely on the defendant's future dangerousness as an aggravating factor in seeking the death penalty. Thus, the circumstances of the defendant's possible future confinement in

prison will likely be relevant. *See United States v. Johnson*, 223 F.3d 665, 671-74 (7th Cir. 2000) (prison gang member sentenced to death for murder). To the extent that the government's argument is supported by such testimony, it will not be improper. Accordingly, the denial of the motion will be affirmed.

## VI. MOTION IN LIMINE TO PROHIBIT THE DEFENDANT FROM INTRODUCING EVIDENCE THAT THE DEFENDANT IS UNDESERVING OF THE DEATH PENALTY BECAUSE THE VICTIM WAS A PRISONER.

The government has moved to bar the defendant from presenting any evidence or argument that he is undeserving of the death penalty because the victim was a prison inmate. The defendant has argued in response that this motion is premature since discovery and investigation is ongoing. The defendant admits that he cannot argue that he is undeserving of the death penalty merely because his victim was a fellow inmate. However, the defendant also argues that evidence pertaining to the victim's conduct in prison may be relevant to explain the circumstances of the offense, and hence prohibiting evidence regarding the victim's conduct may be premature. The magistrate judge granted the government's motion but gave no explanation for her decision.

After reviewing the defendant's arguments, I will affirm the magistrate judge's granting of this motion. The defendant concedes he cannot argue that he is undeserving of the death penalty solely because the victim was a fellow inmate. *See*

-7-

Case 1:06-cr-00001-JPJ   Document 348   Filed 11/12/06   Page 7 of 14   Pageid#: 1588

*United States v. Beckford*, 962 F. Supp. 804, 822 (E.D. Va. 1997) (forbidding similar argument). However, affirming the magistrate judge's decision does not foreclose the possibility that evidence regarding the nature of the victim will be admitted at trial. If the defense were to offer evidence about the nature of the victim that is relevant to other issues in the case, this evidence may be found admissible.

### VII. MOTION TO PROHIBIT DEFENSE COUNSEL FROM PRESENTING PROPORTIONALITY ARGUMENT.

The government has moved to prohibit the defendant from asserting a proportionality argument that would compare the defendant's conduct to that of others convicted of murder. The magistrate judge granted the government's motion in part, ruling that the defendant may not present any proportionality argument in opening statements. However, she refused to grant this motion in whole, stating that whether the defendant should be allowed to raise such an argument in closing argument, is a decision best left to the trial judge based on the evidence presented.

I agree with the magistrate judge's decision to prohibit the defendant from asserting a proportionality argument during opening statements, but I disagree to the extent that she did not grant the government's motion in whole.

In *United States v. Regan*, 221 F. Supp. 2d 659 (E.D. Va. 2002), the defendant sought evidence relating to the damage caused by defendants in unrelated espionage prosecutions who were convicted but not sentenced to death. The court held that the

defendant had no constitutional right to a proportionality review that would compare his conduct with others convicted of the same crime, and thereby, was not entitled to discovery of the requested proportionality evidence. *Id.* at 660.

In *United States v. Sampson*, 335 F. Supp. 2d 166 (D. Mass. 2004), another case cited by the government, the defendant similarly sought to introduce evidence from unrelated federal death penalty cases. The *Sampson* court held that while the evidence of penalties imposed in other death penalty cases may be relevant, the dangers of misleading the jury and confusing the issues outweighed any probative value this evidence may have. *Id.* at 197.

Here, the defendant is not asserting that he should be allowed to present proportionality evidence, but rather that he should be allowed to make a proportionality argument to the jury. In particular, he argues that neither the statute nor the case law precludes him from referring to the "egregious disparities and arbitrary nature of federal death penalty litigation."

While the defendant has attempted to differentiate this case from *Regan*, as well as other cases cited by the government, I find that the *Regan* court's reasoning for excluding proportionality evidence is equally persuasive for excluding a proportionality argument here. Even if the defendant were not to introduce direct evidence of other defendants, allowing the defendant during closing argument to

-9-

Case 1:06-cr-00001-JPJ   Document 348   Filed 11/12/06   Page 9 of 14   Pageid#: 1590

reference totally unrelated cases in which the death penalty was not sought or the defendant was not sentenced to death, would lead to a confusion of the issues and mislead the jury, nonetheless.

Furthermore, while the defendant argues that the Attorney General's internal selective authorization process regarding when to seek the death penalty is not relevant to his position that he should be allowed to make a proportionality argument, if I were to allow such an argument, the trial would effectively become a referendum on this process. As the *Regan* court correctly stated, permitting proportionality evidence "would inevitably amount to separate mini-trials on whether the Government should have sought the death penalty in certain cases." 221 F. Supp. 2d at 660.

Therefore, for the reasons stated, I will grant the government's motion in whole, and will prohibit the defendant from making a proportionality argument during either his opening statement or closing argument.[2]

## VIII. MOTION TO PROHIBIT DEFENDANT'S WITNESSES FROM ASKING THE JURY TO SPARE THE DEFENDANT'S LIFE.

The government has also moved for an order prohibiting defense witnesses from articulating their views regarding the defendant's sentence. The government

---

[2] As I noted at oral argument, my ruling would not prohibit counsel for the defendant from arguing to the jury that the defendant was not the "worse of the worse" or language to that effect, without reference to some other particular case.

avers that it will carefully instruct its witnesses not to articulate their opinions regarding the defendant's sentence. The magistrate judge granted the motion and held that any witness will be barred from expressing an opinion as to what the defendant's sentence should be. The defendant has objected to this ruling but has provided no argument as to why this motion should have been denied.

As the government does not dispute, the defendant in a capital case is constitutionally entitled to offer wide-ranging evidence in mitigation. *See Skipper v. South Carolina*, 476 U.S. 1, 8-9 (1986) (evidence of good behavior in jail); *Eddings v. Oklahoma*, 455 U.S. 104, 113-15 (1982) (evidence of unhappy and violent upbringing); *Lockett v. Ohio*, 438 U.S. 586, 604 (1978) ("any aspect of a defendant's character or record and any of the circumstances of the offense."); *Jones v. Polk*, 401 F.3d 257, 264 (4th Cir. 2005) (evidence of remorse). However, an express plea for mercy to the jury from a defendant's witness is not mitigating evidence that could aid the jury in their decision making.

Accordingly, after reviewing the magistrate's decision, I will overrule the defendant's objection and affirm her decision.

**IX. MOTION FOR A BILL OF PARTICULARS RELATING TO NOTICE OF INTENT TO SEEK PENALTY OF DEATH, AGGRAVATING FACTOR C. III SUBSTANTIAL PLANNING AND PREMEDITATION.**

The defendant has filed a motion requesting a bill of particulars regarding the government's evidence of substantial planning and premeditation. In support of this motion, the defendant argues that it has not been provided with any documents, statements, or other materials which in any way support the allegation that the defendant acted after substantial planning and premeditation. The government has opposed this motion by noting that it has informed the defendant of its open file discovery policy, and hence a bill of particulars is unnecessary.

I agree with the government that a bill of particulars it not warranted due to its open file discovery policy, and hence, I will affirm the magistrate's decision denying this motion.

**X. MOTION FOR A HEARING ON STATUTORY AND NON-STATUTORY AGGRAVATING FACTORS.**

The defendant also objects to the magistrate judge's denial of its motion for a pretrial hearing regarding statutory and non-statutory aggravating factors. In support of his motion, the defendant cites *United States v. Grande,* 353 F. Supp. 2d 623 (E.D.Va. 2005), and argues that the court must make a pretrial determination as to what evidence the government will be allowed to introduce in the sentencing phase.

For the reasons stated by the magistrate judge in her opinion, I will affirm her decision.

## XI. SUMMARY.

For the foregoing reasons, it is **ORDERED** as follows:

1. The government's objections to the magistrate judge's order barring the government's general deterrence argument (Dkt. No. 87) and refusing to bar the defendant's proportionality argument during closing argument (Dkt. No. 119) are GRANTED; and

2. The defendant's objections to the magistrate judge's order regarding the motion to permit attorney individual voir dire (Dkt. No. 90), the motion to bar reference to the death sentence as "justified" or "appropriate" (Dkt. No. 97), the motion to require a pretrial judicial review of all victim impact evidence (Dkt. No. 106), the motion to prohibit the prosecutor from suggesting that unless Carlos David Caro is executed it will be impossible to maintain control or law and order in the federal prison system (Dkt. No. 108), the motion to prohibit the defendant from introducing evidence that the defendant is undeserving of the death penalty because the victim was a prison inmate (Dkt. No. 119), the motion to prohibit defendant's witnesses from asking the jury to spare the defendant's life (Dkt. No. 119), the motion

for a bill of particulars (Dkt. No. 120), and the motion for a hearing on statutory and non-statutory aggravating factors (Dkt. No. 121) are DENIED.

ENTER: November 12, 2006

/s/ JAMES P. JONES
Chief United States District Judge