# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:06CR00001 |
| v. ) | |
| ) | **OPINION AND ORDER** |
| **CARLOS DAVID CARO**, ) | |
| ) | By: James P. Jones |
| Defendant. ) | Chief United States District Judge |
| ) | |

*John L. Brownlee, United States Attorney, and Anthony P. Giorno, Assistant United States Attorney, Roanoke, Virginia, for United States of America; James A. Simmons, Nashville, Tennessee, and Steven J. Kalista, Big Stone Gap, Virginia, for Defendant.*

The present question before the court in this capital case concerns the defendant's discovery motions relating to Bureau of Prisons ("BOP") data and records, particularly as to the system's maximum security penitentiary located in Florence, Colorado, known as Florence ADMAX.

The defendant Carlos David Caro is a federal inmate, charged in this case with the first degree murder of his cellmate, Roberto Sandoval, Jr., at the United States Penitentiary Lee, situated in this district. *See* 18 U.S.C.A. § 1111(a) (West Supp. 2006). The government has filed a Notice of Intent to Seek the Death Penalty, in which it advises that it will seek to prove the defendant's alleged future dangerousness as an aggravating factor, among others. In connection with this

allegation, the defendant has filed four separate discovery motions seeking data from BOP records. The motions seek the same information, but on different grounds. Two of the motions seek subpoenas duces tecum directed to the director of BOP and the warden of Florence ADMAX pursuant to Rule 17 of the Federal Rules of Criminal Procedure. One of the motions seeks an order from the court requiring the government to produce the information under Federal Rule of Criminal Procedure 16(a)(1)(E), and the final motion seeks an order to produce the information as exculpatory within the meaning of *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny.

These nondispositive motions were referred to the magistrate judge for decision. *See* Fed. R. Crim. P. 59(a). After a hearing, in which the magistrate judge received a lengthy declaration from a defense expert, Mark D. Cunningham, Ph.D., the magistrate judge granted the motion based on *Brady*, and denied the other motions. *See United States v. Caro*, No. 1:06CR00001, 2006 WL 3251738 (W.D. Va. Nov. 8, 2006) (Sargent, J.). The parties have filed objections to the magistrate judge's order, which objections have been argued.[1] In addition, the government has

---

[1] I assume that the defendant's objections are conditional, since the motion that the magistrate judge granted gave the defendant all of the relief requested by the other motions.

filed several declarations from BOP personnel in support of its objection and the defendant has filed a second declaration from Dr. Cunningham in response.[2]

The government agreed to produce some of the information requested by the defendant. However, it objects to the bulk of the requests. The data directed by the magistrate judge to be produced that is objected to by the government is as follows:

> A. Data showing median length of stay, range of length of stay and standard deviation of the distribution of length of stay at Florence ADMAX for all inmates since it was opened in 1994 to the present time;
>
> B. Data showing how many inmates who were admitted to Florence ADMAX in 1994 or 1995 continue to be confined there, broken down by offense conduct that caused them to be transferred to Florence ADMAX;
>
> C. Movement sheets from the central inmate file on every inmate who has killed another inmate within the Bureau of Prisons, ("BOP"), within the last 20 years;
>
> D. Investigative reports on all inmate homicides within the BOP within the last 20 years including any "after action reports" indicating any operational or institutional changes in response to each killing and any final memoranda from Special Investigative Services to the Warden of each institution regarding each killing;

---

[2] While review of a magistrate judge's decision on nondispositive motions does not normally permit the admission of evidence not considered by the magistrate judge, the district judge has the discretion to do so. *See United States v. Frans*, 697 F.2d 188, 191 n.3 (7th Cir. 1983).

E. Regarding each inmate involved in an inmate killing within the BOP within the last 20 years, the respective inmate's "Chronological Disciplinary Record" and Inmate History ADM-REL and/or movement Sheets within the Bureau of Prisons;

F. Records on any assaultive conduct by an inmate in the "Control Unit" at Florence ADMAX from November 1994 to present date, showing the inmate involved, inmate number of the inmate involved, date of occurrence and description of the conduct, and the staff member victim of each assault;

G. Names, prison numbers, assignment rationale and tenures of all inmates in the Control Unit at Florence ADMAX since opening in 1994 to present date showing date assigned, the reason assigned and date exiting the Control Unit to lesser security or release from BOP;

H. Disciplinary Incident Reports on all inmates in the Control Unit at Florence ADMAX from 1994 to present date showing inmate name, number, date of offense and details of disciplinary incident; and

I. Correctional Services Significant Incidents Data on levels and frequency of violence at each security level at Florence ADMAX by year from 2001 through 2006.

(Order, 11/8/06, ¶ 3 (A) through (I).) In essence, the defendant requests BOP records and data concerning (1) all inmates who have ever been confined in the Florence ADMAX Control Unit[3]; (2) all inmate homicides that have occurred in the BOP

---

[3] The Florence ADMAX Control Unit, a separate housing unit, contains "the most dangerous, violent, disruptive and assaultive inmates." (Gomez Decl. ¶ 8, 11/06.)

nationwide in the last twenty years; and (3) all incidents of inmate violence at Florence ADMAX.

The government objects to being required to produce this data on the grounds that the information requested is not exculpatory and is unduly burdensome to produce. The government has represented to the court that it does not intend to offer any of the contested information into evidence itself.

If the defendant is convicted, the government will likely introduce evidence in the sentencing phase of the trial that he poses a threat of danger to prison staff and other inmates if he is imprisoned, rather than put to death. In rebuttal, the defendant may produce evidence that if the defendant is incarcerated at Florence ADMAX, particularly in the Control Unit, he will not be a future threat to others.[4]

The information sought by the defendant is based on the opinions of Dr. Cunningham. In his declaration, he avers that he is engaged in scientific research examining "violence risk assessment in a prison context"; that a "reliable individualized assessment can be made of the likelihood that Mr. Caro will commit acts of serious violence from this point forward while confined for life in the [BOP]";

---

[4] The date for disclosure of expert testimony by the parties has not yet expired, but Dr. Cunningham, a forensic psychologist, testified to this effect in at least one other federal capital case. *See United States v. Johnson*, No. 96 CR 379-1, 1998 WL 321503, at *1 (N.D. Ill. June 12, 1998), *aff'd*, 223 F.3d 665, 671 (7th Cir. 2000).

and that the group data as requested is necessary for this assessment. (Cunningham Decl. ¶¶ 6, 10, 20, 10/13/06.)

The government has the obligation, upon request, to disclose material evidence favorable to the accused. *Brady*, 373 U.S. at 87. While the defense obviously hopes that the information requested here will support its expert's opinion, there is no indication before me that it will do so, and thus the information cannot be said to be material. *See United States v. Agurs*, 427 U.S. 97, 109-10 (1976) ("The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense.").

The other grounds urged by the defendant in support of obtaining this data are likewise unavailing. Rule 16(a)(1)(E)(ii) of the Federal Rules of Criminal Procedure does require the government to produce upon request, data "material to preparing the defense." Even assuming that this obligation applies to the sentencing phase of a capital case—and the government does not contend otherwise—materiality in this context requires at least "some indication that the pretrial disclosure of the disputed evidence would have enabled the defendant significantly to alter the quantum of proof in his favor." *United States v. Ross*, 511 F.2d 757, 762-63 (5th Cir. 1975) (quoted in

*United States v. Kirk*, No. 88-5095, 1989 WL 64139, at *2 (4th Cir. June 2, 1989) (unpublished)).

As to the remaining ground, it is established that use of a Rule 17 subpoena duces tecum cannot substitute for the limited discovery otherwise permitted in criminal cases and the hope of obtaining favorable evidence does not justify the issuance of such a subpoena. *See United States v. Hang*, 75 F.3d 1275, 1283 (8th Cir. 1996).

For these reasons, I will sustain the government's objection (Dkt. No. 346) to the magistrate judge's order and deny the defendant's objection (Dkt. No. 345). I point out, however, that I do so in light of the government's representation that it does not intend to introduce any of the requested data in its own case. Otherwise, Rule 16 might very well require its prior disclosure to the defendant. Accordingly, absent proper disclosure, the government may not rely on specific instances of inmate violence (other than the defendant's own) in seeking to prove his future dangerousness.

It is so **ORDERED**.

ENTER: November 20, 2006

/s/ JAMES P. JONES
Chief United States District Judge