# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:06CR00001 |
| v. ) | |
| ) | **OPINION** |
| **CARLOS DAVID CARO**, ) | |
| ) | By: James P. Jones |
| Defendant. ) | Chief United States District Judge |

*John L. Brownlee, United States Attorney, and Anthony P. Giorno, Assistant United States Attorney, Roanoke, Virginia, for United States of America; James A. Simmons, Nashville, Tennessee, and Steven J. Kalista, Big Stone Gap, Virginia, for Defendant.*

The defendant Carlos David Caro is a federal inmate who has been convicted by a jury in this case of the first degree murder of his cellmate, Roberto Sandoval, Jr. *See* 18 U.S.C.A. § 1111(a) (West Supp. 2006). The government is seeking the death penalty, and the trial will now proceed to the sentencing phase. The parties filed motions with respect to potential expert testimony at this phase. The motions have been orally denied without prejudice and this opinion elaborates on the court's reasons for its decision.

The defendant filed a motion for a so-called *Daubert* hearing prior to any opinion by government experts Richard E. Coons, M.D., Anthony Davis, and Gregory L. Hershberger that the defendant will be a future danger to staff and other inmates if

imprisoned for life.[1] The government filed a motion in limine seeking to limit the testimony of defense expert Mark Cunningham, Ph.D., to preclude that witness from discussing his education and experience as a psychologist. In addition, the government requested that if the witness expresses an opinion as to the likelihood that the defendant will commit future acts of violence in prison, the government be allowed to review and introduce certain sealed medical evidence concerning the defendant.[2]

Based on the representations of counsel made during oral argument on these motions, witness Davis, a security officer with the Bureau of Prisons, is expected to testify concerning the operation of prison gangs, including that to which the defendant is affiliated, and as to the availability and effectiveness (or lack thereof) of procedures to control or discipline gang members in the prison system. It is apparent that the

---

[1] It is not established in this circuit whether or not the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), apply to capital sentencing hearings. *See United States v. Barnette*, 211 F.3d 803, 815 (4th Cir. 2000) (declining to decide issue). The Federal Death Penalty Act does require that the probative value of evidence at such hearings not be outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. 18 U.S.C.A. § 3593(c) (West Supp. 2006); *see United States v. Sampson*, 335 F. Supp. 2d 166, 226-27 (D. Mass. 2004) (excluding on this ground any expert testimony as to future dangerousness).

[2] The defendant was previously examined as to his mental condition pursuant to Federal Rule of Criminal Procedure 12.2(c). However, the defendant has not confirmed an intent to offer expert evidence of his mental condition during the sentencing hearing. *See* Fed. R. Crim. P. 12.2(c)(2).

witness has the background to so testify and a fuller examination of the admissibility of his opinions is not necessary.

The government represents that witnesses Coons and Hershberger will likely testify in rebuttal to testimony of the defendant's witness Dr. Cunningham. According to the defendant, Dr. Cunningham will testify to the capabilities of the Bureau of Prisons to securely house inmates who have committed serious violent acts within the prison system. The defendant represents that Dr. Cunningham will opine that "[u]nder such conditions of confinement that can be brought to bear by the Bureau of Prisons upon [the defendant] . . . it is quite improbable that [the defendant] would commit acts of criminal violence that would constitute a continuing threat to society." (Def.'s Written Summ. Regarding Experts 2.)

Assuming that Dr. Cunningham's testimony is limited in this fashion, there will be no need for the government's rebuttal experts to testify other than as to the efficacy of the conditions under which the defendant could be held in prison. Expert witness Hershberger is a former warden of the "supermax" federal prison in Florence, Colorado, and is clearly qualified to testify as to those conditions.

Dr. Coons is a forensic psychiatrist who frequently testifies for the prosecution

- 3 -

Case 1:06-cr-00001-JPJ   Document 586   Filed 02/03/07   Page 3 of 5   Pageid#: 2647

in capital cases (as Dr. Cunningham does for the defense).[3] The exact nature of his testimony has not been disclosed, but the government represents that he will opine that it is likely that the defendant will continue to commit acts of violence in any prison in which he is confined.

In light of the defendant's representation as to the scope of Dr. Cunningham's testimony, it does not seem likely that the government's witnesses will be required to testify as to any matters requiring an examination of the reliability of their opinions. For this reason, I denied the defendant's motion without prejudice to raising it again if circumstances change. Since it is represented that the defendant does not intend to seek any opinion from Dr. Cunningham based on his psychological training or experience, I find no harm in the jury's learning that Dr. Cunningham has an educational background in psychology, so long as the defendant does not seek to emphasize or develop such expertise in direct examination. I thus denied the government's motion without prejudice to raising it again if circumstances change. Similarly, in view of counsel's representation, I denied without prejudice the government's motion to review the sealed medical information.

---

[3] *See, e.g., United States v. Bernard*, 299 F.3d 467, 482 (5th Cir. 2002) (Dr. Coons testified that defendant would have a propensity for violence in prison); *United States v. Johnson*, No. 96 CR 379-1, 1998 WL 321503, at *1 (N.D. Ill. June 12, 1998), *aff'd*, 223 F.3d 665, 671 (7th Cir. 2000) (Dr. Cunningham testified that defendant would not likely commit acts of violence in prison).

DATED: February 3, 2007

 /s/ J<small>AMES</small> P. J<small>ONES</small>
Chief United States District Judge