UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Number |
| | ) 1:06CR00001 |
| CARLOS DAVID CARO | ) |

**CARLOS DAVID CARO'S MOTION FOR APPOINTMENT OF COUNSEL**

Carlos Robert Caro, an indigent federal prisoner under a sentence of death imposed by this Court, respectfully moves, pursuant to 18 U.S.C. § 3599(a)(2) and W.D.Va.Gen.R. 6(f),[1] for the appointment of counsel to represent him in pursuing all available post-conviction remedies, including the investigation, preparation, and prosecution of a motion for post-conviction relief pursuant to 28 U.S.C. § 2255.  Mr. Caro asks the Court to appoint Jon M. Sands, Federal Public Defender for the District of Arizona, and Larry Shelton, Federal Public Defender for the Western District of Virginia.

The Office of the Federal Public Defender in the District of Arizona, including its Capital Habeas Unit, has knowledge of substantive criminal and habeas corpus law, as well as experience investigating, preparing, and litigating capital post-conviction cases.  The Federal Public Defenders

_____

[1] Rule 6(f) of the Western District of Virginia General Rules provides, "Notwithstanding any provision of this rule, . . . any attorney employed by the Federal Public Defender's Office, may appear and file pleadings in an official capacity without admission to practice in this Court, so long as such attorney is qualified and licensed to practice before the Supreme Court of the United States, or before the highest court of any state in the United States . . . ."

Office in the Western District of Virginia has experience litigating criminal matters in the Western District of Virginia. The combined experiences and knowledge of these offices make them an appropriate choice to represent Mr. Caro under the standards set forth in 18 U.S.C. § 3599 for counsel in capital § 2255 proceedings. This motion is supported by the attached memorandum.

## MEMORANDUM

A.   PROCEDURAL HISTORY.

On March 30, 2007, this Court sentenced Mr. Caro to death in accordance with the jury verdict. Mr. Caro appealed the final judgment of the Court, and the Fourth Circuit denied the appeal on March 17, 2010. *United States v. Caro*, 597 F.3d 608 (4th Cir. 2010). On August 26, 2010 (as corrected September 7, 2010), the Fourth Circuit denied Mr. Caro's petition for rehearing and rehearing en banc. *United States v. Caro*, 614 F.3d 101 (4th Cir. 2010). Mr. Caro filed a *Petition for Writ of Certiorari* on January 10, 2011, and that petition is pending. Pet. For Writ of Cert., *United States v. Caro*, (U.S. Jan 10, 2011) (No. 10-8356) (unreported). Disposition of Mr. Caro's petition is expected by early June.

Should the Supreme Court deny Mr. Caro's petition, and barring any unforeseen events, he will have only one year to file a post-conviction motion for relief under 2255. 28 U.S.C. § 2255(f)(1) (providing for a 1-year limitations period that runs from the "date on which the judgment of conviction becomes final"). At present, Mr. Caro is not represented for the purpose of investigating, preparing, and filing a section 2255 motion.

**B.**      **MR. CARO'S RIGHT TO COUNSEL IN A SECTION 2255 PROCEEDING.**

Mr. Caro wishes to pursue every avenue of post-conviction relief, including a motion pursuant to 28 U.S.C. § 2255, and any other available remedies, including appeal and executive clemency should his motion not prove successful. To do so, he will need the assistance of competent counsel. Section 3599(a)(2) of Title 18 grants a right to qualified legal counsel and related services to any capital defendant who is "financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services" and who wishes to pursue a motion to vacate or set aside a death sentence under 28 U.S.C. § 2255.[2] The Court previously has determined that Mr. Caro is indigent and has appointed counsel at all stages of his proceedings. Mr. Caro has been incarcerated throughout this case and his financial situation has not improved, entitling him to the appointment of counsel to pursue post-conviction remedies.

In *McFarland v. Scott,* the Supreme Court held that the right to counsel in post-conviction proceedings, as provided in 21 U.S.C. § 848(q), attaches before the filing of the petition for writ of habeas corpus.[3]   512 U.S. 849, 855-57 (1994). As Justice O'Connor observed, "[i]t is almost meaningless to provide a lawyer to pursue claims on federal habeas if the lawyer is not available to

_____

[2]Section 3599(a)(2) provides, "In any post conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys . . . ." 18 U.S.C. §3599(a)(2).

[3]At the time of the *McFarland* case, appointment of counsel for both 2254 and 2255 actions was governed by 21 U.S.C. § 848(q). That section is now codified at 18 U.S.C. § 3599. While *McFarland* concerned a request for the appointment of counsel in an action brought under 18 U.S.C. § 2254, its reasoning and holding apply equally to proceedings brought under section 2255.

help prepare the petition." *Id.* at 860 (O'Connor, J., concurring in the judgment).   The Court reasoned that Congress intended the right to counsel to attach before a petition was filed because the law provided for counsel to obtain reasonably necessary investigative and expert resources, and that such services "may be critical in the preapplication phase of a habeas corpus proceeding, when possible claims and their factual bases are researched and identified." *Id.* at 855.

Prompt appointment of counsel also is necessary in light of the extensive amount of investigation and time involved in providing competent representation in collateral review proceedings in capital cases.  The American Bar Association (ABA) has aptly described these demands:

> Two parallel tracks of post-conviction investigation are required.  One involves reinvestigating the capital case; the other focuses on the client.  Reinvestigating the case means examining the facts underlying the conviction and sentence, as well as such items as trial counsel's performance, judicial bias or prosecutorial misconduct. Reinvestigating the client means assembling a more-thorough biography of the client than was known at the time of trial, not only to discover mitigation that was not presented previously, but also to identify mental-health claims which potentially reach beyond sentencing issues to fundamental questions of competency and mental-state defenses.

ABA, Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases (Feb. 2003), Guideline 10.15.1 commentary.  All of these tasks must be completed within a one-year limitation period.  28 U.S.C. § 2255(f)(1).

C.    **THE APPOINTMENT OF THE FEDERAL PUBLIC DEFENDERS FROM THE DISTRICT OF ARIZONA AND THE WESTERN DISTRICT OF VIRGINIA IS APPROPRIATE.**

Section 3599 requires appointment of at least one counsel who has been admitted to practice in the court of appeals for not less than five years and who has not less than three years' experience

in the handling of appeals in that court in felony cases.  18 U.S.C. § 3599(c).  A court, for good cause, may appoint another attorney "whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique and complex nature of the litigation."  18 U.S.C. § 3599(d).

The appointment of two lawyers is the regular practice in capital § 2255 litigation, and Mr. Caro respectfully requests the same high degree of protection for his rights.  The Office of the Federal Public Defender for the District of Arizona has a specialized Capital Habeas Unit (CHU), established in 1996, that has the appropriate knowledge and experience for lead habeas counsel.  It receives funding from the Administrative Office of the United States Courts (AO) primarily to provide representation to capital habeas corpus petitioners in Arizona but also to represent, among others, individuals under federal sentence of death seeking post-conviction relief.  It has represented over 75 prisoners in United States District Courts for the Districts of Arizona and Utah, the Western District of Oklahoma, the Northern District of Illinois, the Western District of Missouri, and the Northern and Southern Districts of Ohio; in the United States Courts of Appeals for the Sixth, Eighth, Ninth, and Tenth Circuits; and it has litigated three substantive cases in the United States Supreme Court.[4]  The CHU has represented and currently represents capital petitioners in jurisdictions outside of Arizona in section 2255 litigation, one of whom is also within the Fourth

---

[4]*Schriro v. Landrigan*, 550 U.S. 465 (2007); *Schriro v. Summerlin*, 542 U.S. 348 (2004); and *Stewart v. Martinez-Villareal*, 523 U.S. 637 (1998).

Circuit.[5]

Capital post-conviction litigation is a highly specialized and time-intensive field. The familiarity of the Arizona capital habeas lawyers with Eighth Amendment jurisprudence and procedural defenses, their experience in identifying relevant, cognizable issues and investigating and developing them for presentation, and their knowledge of post-conviction practice and procedure will go a long way to ensuring that Mr. Caro's interests are adequately protected in the one avenue available to him for a post-conviction challenge. Moreover, the Federal Public Defender will not bill the Court for any time or expenses related to its work on this matter, which will relieve this Court of funding obligations while still providing Mr. Caro with qualified capital post-conviction counsel.

The Office of the Federal Public Defender for the Western District of Virginia also is appropriately qualified to participate as local counsel for Mr. Caro. That office has extensive knowledge and experience in the litigation of federal criminal matters specifically within the Western District of Virginia, which will be of use in this case to Mr. Caro, Arizona counsel, and this Court.

Should the Court appoint the Offices of the Federal Public Defender, each defender will

---

[5]The Federal Public Defender for the District of Arizona was recruited as prospective counsel for Mr. Caro by the Federal Capital Habeas Project. The Federal Capital Habeas Project is an initiative funded by the Judicial Conference. One of its duties is to assist federal courts in capital section 2255 cases by identifying and recruiting qualified, available counsel for the cases. Accordingly, the Judicial Conference recommends that courts consult with the Federal Capital Habeas Project in appointing post-conviction counsel. *See* Memorandum from Honorable John Gleeson, Judicial Conference of the United States, Committee on Defender Services (Dec. 18, 2007) at 2 (attached as Exhibit A).

assign experienced lawyers from within the office to work on the case. These lawyers then will enter notices of appearance with the Court.

**D.**   **CONCLUSION.**

For these reasons, Mr. Caro respectfully asks the Court to appoint Jon M. Sands, Federal Public Defender for the District of Arizona, and Larry Shelton, Federal Public Defender for the Western District of Virginia, to represent him in seeking all available post-conviction remedies.

Respectfully submitted this 10th day of May, 2011.

CARLOS DAVID CARO
BY COUNSEL

S/ Dale A. Baich

Jon M. Sands (W.D.Va.Gen.R. 6(f))
Arizona State Bar # 010441
Federal Public Defender
Dale A. Baich
Ohio State Bar # 0025070
Supervisor, Capital Habeas Unit
Office of the Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, AZ 85007
Ph: 602-382-2700
Fax: 602-889-3960
Email: jon_sands@fd.org
Email: dale_baich@fd.org

S/Larry Shelton

Larry Shelton
VSB # 15205
Federal Public Defender
Office of the Federal Public Defender
Western District of Virginia
210 First St., SW Suite 400
Roanoke, Virginia 24011
Ph: 540-777-0880
Fax: 540-777-0890
Email: larry_shelton@fd.org

## CERTIFICATE OF SERVICE

I do hereby certify that on May 10, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system which will send the notification of such filing to the following: Anthony Giorno, AUSA, and Timothy J. Heaphy, USA.


s/Dale A. Baich