**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:06CR00001 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **CARLOS DAVID CARO,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

The defendant, Carlos David Caro, under sentence of death entered by this court, seeks relief pursuant to 28 U.S.C.A. § 2255 (West Supp. 2012). He initially filed his Motion for Collateral Relief, including its exhibits, under seal. (ECF Nos. 781, 782.) While I permitted the motion and exhibits to be filed under seal, I directed that the defendant refile the materials on the public record "with appropriate redactions to be approved by the court after counsel for the United States and Defendant confer to address privacy, confidentiality, and security concerns." (ECF No. 779.)

In compliance with my order, the parties have conferred and the defendant has now submitted redacted copies of his 2255 motion and certain of the exhibits, as well as a list of the exhibits that the parties wish to remain sealed. Having reviewed these submissions, I have the following concerns about the request that certain of the exhibits remain sealed:

1. <u>Exhibit Nos. 25 and 26.</u> The parties assert that publishing these documents would endanger an inmate who remains in the custody of the Bureau of Prisons.  The declarant, however, has already testified publically and in open court to the substance of these documents.  It appears that filing these documents publically rather than under seal would not present any additional danger to the witness.

2. <u>Exhibit No. 27.</u> The parties assert that filing this document publically would endanger certain witnesses by disclosing their cooperation.  The information contained in this document, however, has already been publically presented by the declarant's testimony in open court during the defendant's trial.  Specifically, the document appears only to present the facts of the case as the government presented them at trial.  Moreover, the document does not appear to directly discuss the cooperation of any witnesses, contrary to the parties' assertion.

3. <u>Exhibit Nos. 56, 57.</u> The parties claim that these documents contain confidential medical information about the defendant.  The defendant, however, has placed his mental health status, as well as his personal history, at issue as mitigating factors that should have been presented during the penalty phase of his trial.  He has also discussed his mental health thoroughly in his motion.  It would therefore seem that this information is no longer confidential such that it should be kept under seal.  Moreover,

Exhibit No. 57 does not appear to contain any medical information, specifically none of a confidential nature.

4. <u>Exhibit No. 60</u>. The parties contend that this document contains confidential medical information.  The injuries described in the document, however, are discussed in the body of the 2255 motion and were discussed in open court during the penalty phase of the defendant's trial.  Disclosure, therefore, would not seem to prejudice any privacy concerns such that the document should be kept under seal.

The parties, or either of them, are granted 14 days from entry of this order to file a supplemental memorandum, describing the privacy, confidentiality, or security interest that would be served by sealing each of these exhibits.  The memorandum may be filed under seal if necessary to protect sensitive information.[1]

It is so **ORDERED**.

ENTER:  March 12, 2013

/s/  James P. Jones
United States District Judge

---

[1] It appears that identifying information in three exhibits (Nos. 29, 30, and 32) has been incompletely redacted.  The court will ensure that the information is completely redacted before it is filed.