# EXHIBIT 3

# EXHIBIT 3

DECLARATION OF LOUIS DENE, ESQUIRE
PURSUANT TO 28 U.S.C. § 1746

I, Louis Dene, do make oath and swear:

1. I am an attorney licensed by the Commonwealth of Virginia.

2. In February 2004 I was appointed to represent Carlos Caro in Western District of Virginia Case Number 2:03cr10115. Mr. Caro was charged with Conspiracy to Commit Murder, Assault with Intent to Commit Murder and Possession of a Prohibited Object.

3. Prior to my appointment in February 2004, Mr. Caro had been implicated in the death of an inmate at USP Lee in December 2003. I was aware of the homicide, but it was separate from the case in which I represented him.

4. It was my understanding that the Government intended to proceed with a death penalty case against Mr. Caro at the conclusion of the 2:03cr10115 case.

5. As part of my representation I worked to obtain a plea agreement with the United States Attorney's Office whereby Mr. Caro would plead guilty to the most serious offense of Conspiracy to Commit Murder and the Government would allow his co-defendant, Juan Carlos Moreno-Marquez to plead to the lesser offense of possessing a prohibited object. The plea agreement, which I understood was proposed by Mr. Moreno-Marquez, provided no real benefit to Mr. Caro; however it did benefit Mr. Moreno-Marquez.

6. I advised Mr. Caro that the plea agreement would mean that he would receive a very long sentence. Mr. Caro stated that "he wasn't going anywhere," so the long sentence did not matter to him. I did not advise him of the implications that the plea agreement would have on the prison killing case. I did not advise Mr. Caro that the Conspiracy to Commit

1

Murder conviction would likely be used against him in a later capital case and that he should not sign the plea agreement.

7. I was aware of Mr. Caro's limited education. I know that Mr. Caro had not completed high school and that he had no ability to understand legal proceedings without the benefit of counsel.

8. I regularly advised Mr. Caro and he followed my advice. Mr. Caro trusted me. Mr. Caro was not afraid of going to trial and if I recommended going to trial he would have done so.

9. I was contacted by the trial attorneys who represented Mr. Caro on the capital charges. However, I was not asked about the reasons for the plea agreement, nor was I asked about my recommendations to Mr. Caro.

10. After Stephen Kalista was appointed, he visited my office to copy my file. He copied a portion of my file, but not all of my file.

I declare under penalty for perjury that the foregoing is true and correct.

Executed on _11-9-12_ .

Louis Dene

2