# EXHIBIT 22

# EXHIBIT 22

## Summaries Of Cases
## Authorized for the Death Penalty
## 1988 - 2003

### David Bruck, Dick Burr & Kevin McNally
### Federal Death Penalty Resource Counsel Project

### TOPIC:

### Former Federal Death Row Inmates

**Chandler, David Ronald**
N.D. AL CR No. 90-CR-H-266-E
Race: W

A white Alabama marijuana grower was sentenced to death for the murder for hire of a subordinate in his drug ring. The triggerman in the killing was granted immunity in exchange for his testimony, later recanted, that Chandler offered him $500 for the murder. Insisting on his innocence, Chandler refused a pretrial plea offer of life imprisonment. Chandler's convictions and death sentence were affirmed by a panel of the Eleventh Circuit in mid-1993. 996 F.2d 1073 (11th Cir. 1993), cert. denied, 114 S.Ct. 2724 (1994). He filed a motion to vacate his convictions under 28 U.S.C. ' 2255, and an execution date originally set for March 31, 1995, was stayed by the District Court. After several evidentiary hearings, 950 F.Supp. 1545 (N.D.AL1996), the District Court denied relief. 957 F.Supp. 1505 (N.D. AL 1997). A panel reversed, 193 F.3d 1297 (11th Cir. 1999) but the en banc court decided that Chandler received effective assistance of counsel in a 6-5 vote. 218 F.3d 1305. On January 20, 2001, President Clinton granted clemency.

**Davis, Len; Hardy, Paul**
E.D. LA CR No. 94-381
Race: All B

An African- American New Orleans police officer, Len Davis, who was being investigated (and tape recorded) in a drug conspiracy case. Davis ordered the murder of a 32 year old mother of three, Kim Groves, who witnessed his beating of a witness in an unrelated incident. Groves had filed a brutality complaint against Davis. Paul Hardy, 27, carried out the killing. Murder for hire is alleged as an aggravating circumstance. Davis, then Hardy, were sentenced to death by a jury IN 1996, which heard sequential penalty phase presentations. Davis did not attend his. The Fifth Circuit reversed one of the convictions and ordered a new sentencing trial on the remaining convictions in 1999. 185 F.3d 407. On remand the District Court dismissed the Notice of Intent to Seek the Death Penalty based on Ring v. Arizona.

**McCullah, John Javilo**
E.D. OK CR No. 1:92-032-S
Race: W

Two white and one Hispanic defendants were tried jointly in connection with the drug- related intrastate kidnap/murder of a Muskogee, Oklahoma auto dealership employee. The two capitally-charged "managers" of the drug enterprise, co-defendants Hutching and Molina, received life sentences from the jury, while the third defendant, McCullah (who, unlike the bosses, had been present at the killing) was sentenced to death in 1993. United States v.

McCullah, 76 F.3d 1087 (10th Cir. 1996) ordered a new penalty hearing due to introduction of an involuntary statement and double counting of aggravating circumstances. Rehearing en banc was denied by a 6 to 6 vote, 87 F.3d 1136 (6/26/96), and the government declined to seek review in the Supreme Court. The government finally withdrew its request for the death penalty while McCullah's resentencing was pending. The victim was white

**Chanthadara, Bountaem**
D. KS CR No. 94-10129-01
Race: A

A "Hobbs Act" case, in which five defendants of Asian descent (Laotian and Vietnamese) were charged with the armed-robbery of a Chinese restaurant and killing co-proprietor Barbara Sun, in Wichita, Kansas in 1994. Federal jurisdiction was based on the Hobbs Act, 18 U.S.C. ' 1951, prohibiting obstruction of inter-state commerce. The Attorney General's approval of this capital prosecution for Chanthadara and Phouc Nguyen was announced in 1995. It marked the first time that the Hobbs Act was used to federalize as a capital case a prosecution for murder committed during a commercial robbery. Chanthadara beat and shot the victim in an attempt to get her to open a safe the female proprietor could not. Nguyen was present. Chanthadara's jury recommended the death penalty in 1996. After a separate trial, Phouc Nguyen's jury sentenced him to life imprisonment. The Eighth Circuit reversed Chanthadara's death sentence on November 1, 2000. 230 F.3d 1237. He was sentenced to life in prison in 2002.