# EXHIBIT 52

# EXHIBIT 52

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
Big Stone Gap Division

CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

- - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,    :

    Plaintiff,    :

v.    :    2:03CR115

CARLOS CARO,    :

    Defendant.    :    Big Stone Gap, Virginia
                         :    November 1, 2004

- - - - - - - - - - - - - - - - - - - - - - - - -x    10:55 a.m.

JUL 14 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

SENTENCING
BEFORE THE HONORABLE JAMES P. JONES
CHIEF UNITED STATES DISTRICT JUDGE

APPEARANCES:

    R. LUCAS HOBBS, Esquire
    Assistant U.S. Attorney
    P.O. Box 1098
    Abingdon, Virginia  24212
        For the United States of America.

    LOUIS DENE, Esquire
    P.O. Box 1135
    Abingdon, Virginia  24210
        Counsel for the Defendant.

Proceedings recorded by Stenography, transcript
produced by computer.

BRIDGET A. DICKERT
UNITED STATES COURT REPORTER
P.O. BOX 398
ABINGDON, VIRGINIA 24212
(276) 628-5116

FPD-VA-1023

2

(Proceedings commenced at 10:55 a.m.)

THE COURT: Morning, ladies and gentlemen. The clerk will call the case.

THE CLERK: *United States of America v. Carlos Caro*, Case Number 2:03cr10115, defendant number one.

THE COURT: This is the date scheduled for the sentencing of the defendant, Mr. Caro. Mr. Caro, let me ask you a question, if you'll stand, please, sir. Have you had an adequate opportunity to review the pre-sentence investigation with your lawyer?

THE DEFENDANT: Yes, sir.

THE COURT: Thank you, sir. You may be seated. Mr. Dene, are there any objections on behalf of your client?

MR. DENE: We filed no objections, Your Honor.

THE COURT: Does the Government have any objections?

MR. HOBBS: No, Your Honor.

THE COURT: Very well. I will adopt the pre-sentence investigation report as my findings of fact in this case. The defendant has a total offense level of 34, and a criminal history category of six. That translates into a custody range of 262 to 327

**FPD-VA-1024**

3

months imprisonment, supervised release of between three to five years, a fine range of $17,500 to $175,000, and a special assessment of $100. Mr. Dene, I'll be glad to hear any argument you wish to present in regard to the appropriate sentence for your client.

MR. DENE: Your Honor, the court fully understands in this case, this was a conspiracy involving seven inmates at the U.S. Penitentiary in Lee County, Virginia. Five of those inmates have now been sentenced. Mr. Caro, for all practical purposes, has taken full responsibility for this act that was committed by the seven inmates at that penitentiary. I think the record would indicate that there was a conspiracy, what the conspiracy continued to do. He got involved in it. He was one of the main instigators in the conspiracy. He was, made some acts, committed some acts that he shouldn't have committed, and from the negotiations that we entered with the Government he's taken full responsibility for his acts in that incident. Sentencing guidelines puts him in a very high category. I think that goes to the issue of the application of the sentencing guidelines and gets him, holds him responsible for all of the other crimes that he's committed, we

4

think, based upon the guidelines are a little excessive, and that's the problem with the guideline. Under the circumstances of this case, we would ask the court to consider the low end of the guidelines, or less, for his conduct.

THE COURT: Thank you, Mr. Dene. Mr. Hobbs?

MR. HOBBS: Yes, Your Honor. Based upon the offense conduct here as set forth, including Mr. Caro's admission that he and his co-defendant took the sharpened Plexiglas weapons and repeatedly stabbed the victim, as well as his lengthy criminal history involving drugs, we would ask the court to sentence the defendant to the upper end of the guidelines which, I believe, is 327 months incarceration. Thank you.

THE COURT: Thank you. Mr. Caro, if you'll stand, sir, please. Mr. Caro, is there anything that you wish to say to me before I pronounce sentence in your case?

THE DEFENDANT: No, sir.

THE COURT: Pursuant to the Sentencing Reform Act it is the judgment of the court that the defendant, Carlos Caro, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for

**FPD-VA-1026**

5

a term of 327 months.  Pursuant to Section 5G1.3(a) of the guidelines, the term of imprisonment imposed by this judgment shall run consecutively with the defendant's imprisonment under any previous state or federal sentence.  Upon release from imprisonment, the defendant shall be placed on supervised release for a term of five years, and within 72 hours of release from custody he must report to the probation office in the district to which he is released. While on supervised release he must not commit another federal, state or local crime, must not illegally possess a controlled substance, and must comply with the standard conditions that have been adopted by the court.  He must refrain from any unlawful use of any controlled substance, and must submit to one drug test within 15 days of release from imprisonment, and at least two periodic drug tests thereafter as directed by the probation officer.  He must pay any monetary penalty imposed by this judgment.  He must participate in a program of testing and treatment for substance abuse as directed by the probation officer until he is released from the program by the officer.  He must not possess a firearm or destructive device, and shall reside in a residence free of the same.  He must submit to

**FPD-VA-1027**

6

warrantless search and seizure of person and property by the probation officer, or other law enforcement officer, whenever such officer has reasonable suspicion that he is engaged in criminal activity. The court finds that the defendant does not have the ability to pay a fine, and will waive the fine in this case. It is ordered that the defendant pay to the United States a special assessment of $100 which shall be due immediately. Pursuant to the recommendation of the Court of Appeals in the *United States v. Hammoud* case, the court proposes an alternative sentence in the event that the federal sentencing guidelines are determined to be not mandatory. If that were the case, the court would impose a life sentence in this case based on the defendant's criminal record and the facts of this offense. I advise the defendant that he has waived his right to appeal this sentence, and that waiver is binding unless the sentence exceeds the statutory maximum or is based on a constitutionally impermissible factor. If the right of appeal does exist, a person who is unable to pay the costs may apply for leave to appeal without pre-payment of such costs. Any notice of any appeal must be filed within ten days of entry of judgment, or within ten days of

**FPD-VA-1028**

7

any notice of appeal by the Government.  If requested, the clerk will prepare a notice of appeal on behalf of the defendant.  Are there any further matters in this case.

MR. HOBBS:  Government would move to dismiss counts --

THE COURT:  Government's motion will be granted.

MR. HOBBS:  I assume all other terms with, regarding the waiving of fine and special assessment would be the same?

THE COURT:  That's correct.

MR. DENE:  We have nothing further.

THE COURT:  We'll recess court.

(Proceedings concluded at 11:05 a.m.)


CERTIFICATE


I certify the foregoing is an accurate transcript from the record of proceedings in the above-entitled matter.


7/14/06
Date

Bridget A. Dickert

**FPD-VA-1029**