# EXHIBIT 53

# EXHIBIT 53

Case 1:06-cr-00001-JPJ    Document 790-53    Filed 03/22/13    Page 2 of 9
Pageid#: 7313
Case 2:03-cr-10115-JPJ   Document 135   Filed 07/02/04   Page 1 of 8   Pageid#: 240

CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

JUL 02 2004

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF VIRGINIA
### BIG STONE GAP DIVISION

UNITED STATES OF AMERICA      )

     )

      v.                      )      **Docket No. 2:03CR10115**

     )

JUAN CARLOS MORENO-MARQUEZ      )

## PLEA AGREEMENT

My counsel and I have entered into a plea agreement with the United States of America, by counsel, pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms and conditions of this agreement are as follows:

**1.**      **CHARGE(S) TO WHICH I AM PLEADING GUILTY AND WAIVER OF RIGHTS**

I will enter a plea of guilty to Count Three of the Superseding Indictment, charging me with Possessing a Prohibited Object Designed/Intended for Use as a Weapon in Prison, in violation of 18 U.S.C. § 1791(a)(2). The maximum statutory penalty for Count Three is a fine of $250,000 and/or Five (5) years in prison, plus a period of supervised release. I understand that fees may be imposed to pay for incarceration or supervised release and that there will be a $100 special assessment per felony count of conviction. I further understand that my supervised release may be revoked if I violate its terms and conditions. If my supervised release is revoked, the original term of imprisonment may be increased. I understand that a violation of supervised release increases the possible period of incarceration.

My attorney has informed me of the nature of the charge(s) and the elements of the charge(s) that must be proved by the United States beyond a reasonable doubt before I could be found guilty as charged.

I acknowledge that I have had all of my rights explained to me and I expressly recognize that I have the following constitutional rights and, that by voluntarily pleading guilty, I knowingly waive and give up these valuable constitutional rights:

     a.   The right to plead not guilty and persist in that plea.
     b.   The right to a speedy and public jury trial.
     c.   The right to assistance of counsel at that trial and in any subsequent appeal.
     d.   The right to remain silent at trial.
     e.   The right to testify at trial.
     f.   The right to confront and cross-examine witnesses.
     g.   The right to present evidence and witnesses in my own behalf.
     h.   The right to compulsory process of the court.

*Defendant's Initials:* JCMM

Case 1:06-cr-00001-JPJ   Document 790-53   Filed 03/22/13   Page 3 of 9
Pageid#: 7314
Case 2:03-cr-10115-JPJ   Document 135   Filed 07/02/04   Page 2 of 8   Pageid#: 241

i.   The right to be presumed innocent.
j.   The right to a unanimous guilty verdict.
k.   The right to appeal a guilty verdict.

I am also waiving any right I may have for a jury determination of any and all facts relevant to the application of any Sentencing Guidelines provisions and consent to a determination of any and all facts and a determination of the application of any and all Sentencing Guidelines factors by the United States District Judge. I understand that by signing this plea agreement I waive any right to a jury determination of sentencing factors that may exist under *Blakely v. Washington*, 2004 WL 1402697 (June 24, 2004), *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and any cases interpreting these two Supreme Court decisions.

I am pleading guilty as described above because I am in fact guilty and because I believe it is in my best interest to do so and not because of any threats or promises. There has been no representation made whatsoever by any agent or employee of the United States to me as to what the final disposition of this matter should or will be.

It is understood that the matter of sentencing is within the sole discretion of the Court, subject to the United States Sentencing Guidelines ("Sentencing Guidelines"). I understand that the Sentencing Guidelines apply to the charge(s) and may create a presumption of a mandatory period of incarceration. I have discussed sentencing issues with my attorney and realize that there is a substantial likelihood that I will be incarcerated. I understand that I will not be eligible for parole during any term of imprisonment imposed. I understand that the sentence will be determined presumptively from a variety of factors involved in the offense and related conduct, including my role in the offense and my prior criminal history.

I agree and stipulate that the matters set forth in all of the counts of the charging document(s) should be included as relevant conduct as defined in the sentencing guidelines.

## 2.         DISMISSAL OF COUNT(S)

If I accept responsibility for my conduct and otherwise comply with my obligations under the plea agreement, the United States will move, at sentencing that I be dismissed as a defendant in the remaining count(s) of the charging document(s). I agree that all of the matters covered by the dismissed count(s) should be included as relevant conduct as defined in the sentencing guidelines.

I also understand that this agreement is contingent upon the guilty plea by co-defendant CARLOS CARO to Count One of the Superseding Indictment, pursuant to a plea agreement.

## 3.         ACCEPTANCE OF RESPONSIBILITY

I agree to accept responsibility for my conduct. If I fulfill my obligations under this plea agreement and accept responsibility for my conduct, the United States will recommend that the Court grant me a two-level reduction in my offense level, pursuant to U.S.S.G. § 3E1.1(a) and, if applicable, at sentencing, will move that I receive a one-level reduction in my offense level, pursuant to U.S.S.G. § 3E1.1(b) for acceptance of responsibility.

However, I hereby agree and stipulate that if I do any of the following, I should not

*Defendant's Initials:*

Page 2 of 8

Case 1:06-cr-00001-JPJ    Document 790-53    Filed 03/22/13    Page 4 of 9
Pageid#: 7315
Case 2:03-cr-10115-JPJ   Document 135    Filed 07/02/04   Page 3 of 8   Pageid#: 242

receive credit for acceptance of responsibility and the United States will be free to (a) make any recommendations it wishes at sentencing, (b) declare a breach of this plea agreement and/or (c) apply the remedies set forth in the "REMEDIES FOR FAILURE TO COMPLY WITH ANY PROVISION OF THE PLEA AGREEMENT" paragraph:

(1) attempt to withdraw my guilty plea, (2) deny that I committed any crime to which I have pled guilty, (3) **[not used]**, (4) fail to testify truthfully, as to any matter, if called upon to do so (at my sentencing or any other court proceeding), (5) refuse to answer any question, (6) make a false statement, (7) fail to timely pay any of the amounts set forth in the plea agreement, (8) fail to comply with any reasonable request of the United States Attorney's Office, (9) fail a polygraph examination, (10) refuse to take a polygraph examination, (11) make or adopt any arguments or objections to the presentence investigation report that are inconsistent with this plea agreement, (12) obstruct justice, (13) commit any other crime or (14) otherwise indicate that I have not accepted responsibility for my conduct.

In addition, I understand and agree that the United States will have a continuing objection to my receiving credit for acceptance of responsibility until I have testified truthfully at my sentencing hearing. I agree that the United States will not be required to make any other notice of its objection on this basis.

3.       **SENTENCING PROVISIONS**

I consent to a determination of the applicability of any Sentencing Guidelines provisions by the United States District Judge, and waive any right I may have to a jury determination of the application of any Sentencing Guidelines provisions.

I understand that other Sentencing Guideline sections may be applicable to my case and the United States and I will be free to make arguments that these other sections should or should not apply, to the extent that the arguments are not inconsistent with the stipulations set forth in the plea agreement.

I understand that the Court is not bound by any recommendation or stipulation and may sentence me up to the statutory maximum. I understand that I will not be allowed to withdraw my plea of guilty if the Court disregards the stipulations and/or recommendations set forth in the plea agreement. I understand that the government will object to any motion for a downward departure.

4.       **MANDATORY ASSESSMENT**

I understand that persons convicted of crimes are required to pay a mandatory assessment of $100.00 per felony count of conviction. I agree that I will submit to the U.S. Clerk's Office, a certified check, money order, or attorney's trust check, made payable to the "Clerk, U.S. District Court" for the total amount due within 7 days of my plea of guilty. I understand and stipulate that if I fail to pay the special assessment within 7 days of my plea of guilty, I will not have demonstrated minimal acceptance of responsibility and should not be granted any reduction in

*Defendant's Initials:*

Page 3 of 8

Case 1:06-cr-00001-JPJ    Document 790-53    Filed 03/22/13    Page 5 of 9
Pageid#: 7316
Case 2:03-cr-10115-JPJ   Document 135   Filed 07/02/04   Page 4 of 8   Pageid#: 243

my offense level under the Sentencing Guidelines for acceptance of responsibility.

## 5.      ADMISSIBILITY OF STATEMENTS

I understand that any statements I make (including this plea agreement and my admission of guilt) during or in preparation for any guilty plea hearing, sentencing hearing, or other hearing and any statements I make or have made to law enforcement agents, in any setting, may be used against me in this or any other proceeding. I knowingly waive any right I may have under the Constitution, any statute, rule or other source of law to have such statements, or evidence derived from such statements, suppressed or excluded from being admitted into evidence.

## 6.      INMATE FINANCIAL RESPONSIBILITY PROGRAM

I agree to fully participate in inmate employment under any available or recommended programs operated by the Bureau of Prisons, and to pay any fines, assessments or restitution not paid prior to incarceration through the auspices of such a program.

## 7.      WAIVER OF RIGHT TO APPEAL

I understand that I will have a copy of my presentence report in advance of my sentencing hearing and that I will have an opportunity to go over it with my attorney and may file any objection to all or parts of it that I feel are not correct. I understand that I will have an opportunity at the sentencing hearing to bring witnesses, cross-examine the government's witnesses, and demonstrate to the Court what an appropriate sentence would be under the Guidelines. I agree that I will not appeal the conviction or sentence imposed. I am knowingly and voluntarily waiving any right to appeal and am voluntarily willing to rely on the Court in sentencing me. I understand that the United States expressly reserves all of its rights to appeal. **I agree and understand that if I file any court document (including but not limited to a notice of appeal) seeking to disturb, in any way, the judgment and/or sentence imposed in my case, the United States will be free to take whatever actions it wishes based on this failure to comply with my obligations under the plea agreement.**

## 8.      WAIVER OF RIGHT TO COLLATERALLY ATTACK THE JUDGMENT AND SENTENCE IMPOSED BY THE COURT

I agree not to collaterally attack the judgment and/or sentence imposed in this case and waive my right to collaterally attack, pursuant to Title 28, United States Code, Section 2255, the judgment and any part of the sentence imposed upon me by the Court. **I agree and understand that if I file any court document seeking to disturb, in any way, the judgment and/or sentence imposed in my case, the United States will be free to take whatever actions it wishes based on this failure to comply with my obligations under the plea agreement.**

*Defendant's Initials:*

Case 1:06-cr-00001-JPJ   Document 790-53   Filed 03/22/13   Page 6 of 9
Pageid#: 7317
Case 2:03-cr-10115-JPJ   Document 135   Filed 07/02/04   Page 5 of 8   Pageid#: 244

9.        **INFORMATION ACCESS WAIVER**

I knowingly and voluntarily agree to waive all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §552a.

10.       **FORFEITURE, OFFICIAL USE OR DESTRUCTION OF ITEMS SEIZED**

I consent to the forfeiture (administrative or otherwise), official use and/or destruction of any items obtained by law enforcement agents during the course of the investigation. I will execute any documents necessary to comply with this provision of this agreement.

11.       **WAIVER OF STATUTE OF LIMITATIONS & AGREEMENT TO ALLOW GOVERNMENT TO PROCEED BY INFORMATION**

I agree that if, for any reason, my conviction is set aside, or I fail to comply with any obligation under the plea agreement, the United States may file, by indictment or information, any charges against me which were filed and/or could have been filed concerning the matters involved in the instant investigation. I hereby waive my right under Federal Rule of Criminal Procedure 7 to be proceeded against by indictment and consent to the filing of an information against me concerning any such charges. I also agree to waive any statute of limitations argument as to any such charges.

12.       **LIMITATION OF AGREEMENT**

This agreement is limited to the Western Judicial District of Virginia and does not bind other federal judicial districts, nor does it bind any state or local authorities.

13.       **EFFECT OF MY SIGNATURE**

I understand that my signature on this agreement constitutes a binding offer by me to enter into this agreement. I understand that the United States has not accepted my offer until it signs the agreement.

14.       **REMEDIES FOR FAILURE TO COMPLY WITH ANY PROVISION OF THE PLEA AGREEMENT**

I understand that if I fail to comply with any provision of this agreement, at any time, the United States Attorney's office may, at its election, pursue any or all of the following remedies: (a) declare this plea agreement void; (b) refuse to recommend that I be credited with acceptance

*Defendant's Initials:*

Page 5 of 8

Case 1:06-cr-00001-JPJ    Document 790-53    Filed 03/22/13    Page 7 of 9
Pageid#: 7318
Case 2:03-cr-10115-JPJ    Document 135    Filed 07/02/04    Page 6 of 8    Pageid#: 245

of responsibility; (c) refuse to dismiss any charges; (d) reinstate any dismissed charges; (e) file new charges; (f) terminate my opportunity to perform substantial assistance, if such opportunity has been provided; (g) refuse to make a substantial assistance motion, regardless of whether substantial assistance has been performed; (h) withdraw any substantial assistance motion made, regardless of whether substantial assistance has been performed; (i) refuse to abide by any stipulations contained in this plea agreement; (j) take any other action provided for under this agreement or by statute, regulation or court rule. The remedies set forth above are cumulative and not mutually exclusive.

## 15.        EFFECTIVE REPRESENTATION

I have discussed the terms of the foregoing plea agreement and all matters pertaining to the charges against me with my attorney and am satisfied with my attorney and my attorney's advice. I understand that I have the right to make known to the Court, at any time, any dissatisfaction or complaint I may have with my attorney's representation. I agree to make known to the Court no later than at the time of sentencing any dissatisfaction or complaint I may have with my attorney's representation. I hereby waive any claim I may have for ineffective assistance of counsel known and not raised by me with the Court at the time of sentencing.

## 16.        GENERAL UNDERSTANDINGS

I understand that the Court is not bound by any recommendations or stipulations contained in this agreement and may sentence me up to the maximum provided by law.

I understand that if the sentence is more severe than I expected, I will have no right to withdraw my guilty plea.

I understand that a thorough presentence investigation will be conducted and sentencing recommendations independent of the United States Attorney's Office will be made by the presentence preparer, which the Court may adopt or take into consideration. I understand that any calculation regarding the guidelines by the United States Attorney's Office or by my attorney is speculative and is not binding upon the Court, the Probation Office or the United States Attorney's Office. No guarantee has been made by the United States Attorney's Office regarding the effect of the guidelines on my case.

I understand that the prosecution will be free to allocute or describe the nature of this offense and the evidence in this case and, in all likelihood, will recommend that I receive a substantial sentence.

I understand that the United States retains the right, notwithstanding any provision in this plea agreement, to inform the Probation Office and the Court of all relevant facts, to address the Court with respect to the nature and seriousness of the offense(s), to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report and to respond to any statements made to the Court by or on behalf of the defendant.

I willingly stipulate that there is a sufficient factual basis to support each and every material factual allegation contained within the charging document(s) to which I am pleading guilty.

*Defendant's Initials:*

Case 1:06-cr-00001-JPJ    Document 790-53    Filed 03/22/13    Page 8 of 9
Pageid#: 7319
Case 2:03-cr-10115-JPJ   Document 135   Filed 07/02/04   Page 7 of 8   Pageid#: 246

I understand that I have waived any right I may have to a jury determination of facts and/or factors relevant to the application of the Sentencing Guidelines and I consent to a determination of such facts and/or factors by the United States District Judge.

I understand that this agreement does not apply to any crimes that I may commit hereafter, including perjury. I understand that if I should testify falsely in this or in a related proceeding I may be prosecuted for perjury and statements I may have given authorities pursuant to this agreement may be used against me in such a proceeding.

I have not been coerced, threatened, or promised anything other than the terms of this plea agreement, described above, in exchange for my plea of guilty. I understand that my attorney will be free to argue any mitigating factors on my behalf, to the extent that they are not inconsistent with the terms of this agreement. I understand that I will have an opportunity to personally address the Court prior to sentence being imposed.

This writing sets forth the entire understanding between the parties and constitutes the complete plea agreement between the United States Attorney for the Western District of Virginia and me, and no other additional terms or agreements shall be entered except and unless those other terms or agreements are in writing and signed by the parties. This plea agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between the United States and me.

I have consulted with my attorney and fully understand all my rights with respect to the offenses charged in the charging document(s). Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Guidelines. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and I voluntarily agree to it. Being aware of all of the possible consequences of my plea, I have independently decided to enter this plea of my own free will, and am affirming that agreement on this date and by my signature below.

Date: _6-29-04_       _____

**JUAN CARLOS MORENO-MARQUEZ**
**Defendant**

I have fully explained to my client all rights available to my client with respect to the offenses charged in the pending indictment. I have carefully reviewed every part of this plea agreement with my client. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: _6-29-04_       _____

**Susan Oglebay**
**Counsel for Defendant**

*Defendant's Initials:* _____

Case 1:06-cr-00001-JPJ    Document 790-53    Filed 03/22/13    Page 9 of 9
Pageid#: 7320
Case 2:03-cr-10115-JPJ   Document 135   Filed 07/02/04   Page 8 of 8   Pageid#: 247

John L. Brownlee
United States Attorney

Date: 7/2/2004

Rick A. Mountcastle
Assistant United States Attorney
VSB No. 19768

*Defendant's Initials:*

Page 8 of 8