# EXHIBIT 54

# EXHIBIT 54

Case 1:06-cr-00001-JPJ    Document 790-54    Filed 03/22/13    Page 2 of 17
Pageid#: 7322
Case 2:03-cr-10115-JPJ   Document 183    Filed 06/30/08   Page 1 of 16   Pageid#: 326

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
Big Stone Gap Division

```
---------------------------x
                           :
UNITED STATES OF AMERICA,  :
                           :
        Plaintiff,         :
                           :
v.                         :    2:03CR115
                           :
JUAN MORENO-MARQUEZ,       :
                           :
        Defendant.         :    Abingdon, Virginia
                           :    August 3, 2004
---------------------------x    10:55 a.m.
```

GUILTY PLEA
BEFORE THE HONORABLE JAMES P. JONES
CHIEF UNITED STATES DISTRICT JUDGE

APPEARANCES:

ANTHONY P. GIORNO, Esquire
Asst. United States Attorney
P.O. Box 1709
Roanoke, VA 24008
    For the United States of America.

SUSAN D. OGLEBAY, Esquire
P.O. Box 717
Castlewood, Virginia  24224
    Counsel for the Defendant.

Proceedings recorded by Stenography, transcript
produced by computer.

**BRIDGET A. DICKERT**
**UNITED STATES COURT REPORTER**
**180 WEST MAIN STREET, ROOM 104**
**ABINGDON, VIRGINIA 24210**
**(276) 628-5116**

(Proceedings commenced at 10:55 a.m.)

THE COURT:  The clerk will call the case.

THE CLERK:  *United States of America* v. *Juan Moreno Marquez*, Case Number 2:03CR10115, defendant number two.

THE COURT:  I understand the defendant wishes to enter a guilty plea pursuant to written plea agreement; is that correct?

MS. OGLEBAY:  That is correct, Your Honor.

THE COURT:  If you and your client would come to the lectern, please.  Before accepting your guilty plea there are a number of questions that I need to ask you to make sure that it is a valid plea. If you don't understand any of my questions please say so since it's important that you fully understand my questions.  At any time you need to talk with your lawyer, please say so.  Your answers must be under oath, and I'm going to ask the clerk to administer an oath to you, if you'll raise your right hand.

JUAN MORENO-MARQUEZ, DEFENDANT, SWORN

THE COURT:  Do you understand that you are now under oath, and if you do not answer my questions truthfully your answers may later be used against you in another prosecution for perjury or for making false statements?

Case 2:03-cr-10115-JPJ   Document 183   Filed 06/30/08   Page 3 of 16   Pageid#: 328

THE DEFENDANT:  Yes.

THE COURT:  For the record, if you'll state your name, please.

THE DEFENDANT:  Juan Carlos Moreno-Marquez.

THE COURT:  How old are you?

THE DEFENDANT:  I'm 26, 27, sir.

THE COURT:  I'm sorry, 27?

THE DEFENDANT:  Yes, sir.

THE COURT:  How far did you go in school?

THE DEFENDANT:  Eleventh grade.

THE COURT:  Are you able to read and write the English language?

THE DEFENDANT:  Yes, sir.

THE COURT:  What sort of jobs or occupations have you followed in your lifetime?

THE DEFENDANT:  I ain't had a job, sir.

THE COURT:  Have you ever been treated for mental illness of any type.

THE DEFENDANT:  No, sir.

THE COURT:  Have you ever been treated for substance abuse, alcohol or drug problems?

THE DEFENDANT:  No.

THE COURT:  Have you taken any drugs, medicine or pills within the last 24 hours?

THE DEFENDANT:  No, sir.

Case 1:06-cr-00001-JPJ    Document 790-54    Filed 03/22/13    Page 5 of 17
Pageid#: 7325
Case 2:03-cr-10115-JPJ   Document 183    Filed 06/30/08   Page 4 of 16   Pageid#: 329

THE COURT:  Are you presently under the influence of alcohol?

THE DEFENDANT:  No, sir.

THE COURT:  Do you have any health problems at the present time?

THE DEFENDANT:  No, sir.

THE COURT:  Ms. Oglebay, do you have any question as to your client's competency?

MS. OGLEBAY:  No, Your Honor, I don't.

THE COURT:  Mr. Moreno-Marquez, have you received a copy of the indictment, that is, the written charges in this case?

THE DEFENDANT:  Yes, sir.

THE COURT:  Have you had an opportunity to discuss the indictment in your case, and your case in general with your lawyer?

THE DEFENDANT:  Yes, sir.

THE COURT:  I'm going to ask the bailiff to hand you a copy of the plea agreement that's been submitted in this case, and what I'd like you to do is confirm to me that you signed that document and initialed each page.

THE DEFENDANT:  Yes, sir.

THE COURT:  You may return it.  Did you sign the plea agreement to show that you read it?

Case 1:06-cr-00001-JPJ   Document 790-54   Filed 03/22/13   Page 6 of 17
Pageid#: 7326
Case 2:03-cr-10115-JPJ   Document 183   Filed 06/30/08   Page 5 of 16   Pageid#: 330

THE DEFENDANT:  Yes, sir.

THE COURT:  Did you have an adequate opportunity to read and discuss the plea agreement with your lawyer before you signed it?

THE DEFENDANT:  Yes, sir.

THE COURT:  Are you fully satisfied with your lawyer's representation?

THE DEFENDANT:  Yes, sir.

THE COURT:  I'm going to ask Mr. Mountcastle, the Assistant United States Attorney, to summarize the terms of the plea agreement, and if you'll listen carefully to him.

MR. MOUNTCASTLE:  Your Honor, the plea agreement includes the following terms.  The, the defendant agrees to tender a guilty plea to count three of the superseding indictment that charges him with possessing a prohibited object that is designed or intended for use as a weapon in prison in violation of 18 U.S. Code Section 1791(a(2), and he understands that the maximum statutory penalty for that count is a fine of $250,000, up to five years in prison, along with a period of supervised release, and a special assessment of $100.  The defendant has agreed to waive his right for a jury to determine any and all facts relevant to the application of any

Case 1:06-cr-00001-JPJ   Document 790-54   Filed 03/22/13   Page 7 of 17
Pageid#: 7327
Case 2:03-cr-10115-JPJ   Document 183   Filed 06/30/08   Page 6 of 16   Pageid#: 331

sentencing guideline provision, and has agreed to the court making any determinations of fact for the application of sentencing guidelines factors, and in signing the plea agreement he's indicated his waiver of any right he may have to a jury to make those determinations under the *Blakely* v. *Washington* case. In exchange for his guilty plea to count three, the United States has agreed to dismiss the other two counts of the superseding indictment against him if he, in fact, complies with the terms of his plea agreement and accepts responsibility for his conduct in this particular case. Contingent upon his acceptance of responsibility, the United States will recommend that the court grant him a two level reduction in his offense level under sentencing guideline section 3E1.1(a), and will move for an additional one level reduction under subsection B of that same provision. The defendant has indicated he will pay the $100 mandatory assessment. He has waived his right to directly appeal his sentence and conviction. He's waived his right to collaterally attack the judgment and sentence imposed in this case. He's waived his right to obtain, or request and obtain information under the Freedom of Information Act, the Privacy Act. He has also

Case 1:06-cr-00001-JPJ    Document 790-54    Filed 03/22/13    Page 8 of 17
Pageid#: 7328
Case 2:03-cr-10115-JPJ    Document 183    Filed 06/30/08    Page 7 of 16    Pageid#: 332

indicated that he understands that if he is dissatisfied with the representation of his attorney he must make that dissatisfaction known to the court no later than the time of his sentencing. If he fails to do that, then he will waive any claims of ineffective assistance of counsel that are known to him at that time. Those are some of the terms included in the plea agreement.

THE COURT: Thank you, Mr. Mountcastle. Mr. Moreno-Marquez, are those terms included in the plea agreement as you understand it?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand under the plea agreement you waive or give up your right to appeal your sentence?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand under the plea agreement you waive or give up your right to collaterally attack your sentence, meaning you could not file a motion or petition including one under Section 2255 in an effort to have your sentence or conviction set aside.?

THE DEFENDANT: Yes, sir.

THE COURT: Now, has anyone made any promise to you, other than those made in the plea

Case 1:06-cr-00001-JPJ   Document 790-54   Filed 03/22/13   Page 9 of 17
Pageid#: 7329
Case 2:03-cr-10115-JPJ   Document 183   Filed 06/30/08   Page 8 of 16   Pageid#: 333

agreement, that caused you to want to plead guilty?

THE DEFENDANT:  No, sir.

THE COURT:  Has anyone attempted in any way to force you to plead guilty in this case?

THE DEFENDANT:  No, sir.

THE COURT:  Do you understand that the charge to which you are pleading guilty is a felony, and if your plea is accepted you will be found guilty of that charge, and this may deprive you of valuable civil rights such as the right to vote, to serve on a jury, to hold public office and to possess any kind of firearm?

THE DEFENDANT:  Yes, sir.

THE COURT:  Now, the maximum possible penalty for this offense is imprisonment for up to five years, plus a fine of up to $250,000, plus a special assessment of $100.  In addition, there will be a period of supervised release after imprisonment of up to three years.  Supervised release does not reduce the term of imprisonment, but rather is a term of supervision in addition to and following imprisonment.  If there's a violation of a condition of supervised release the court may impose an additional prison term regardless of how much time was served before the violation.  In addition, there

Case 1:06-cr-00001-JPJ   Document 790-54   Filed 03/22/13   Page 10 of 17
Pageid#: 7330
Case 2:03-cr-10115-JPJ   Document 183   Filed 06/30/08   Page 9 of 16   Pageid#: 334

may be a further term of supervised release following imprisonment. Do you understand the possible consequences of your plea?

THE DEFENDANT: Yes, sir.

THE COURT: This case is covered by the sentencing guidelines. Have you and your lawyer talked about the sentencing guidelines?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that the judge normally must select a sentence from within the guideline range, and that the guideline range will not be determined until after the pre-sentence report has been completed and a sentencing hearing held? Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Do you also understand that after your guideline range has been determined, the judge has the authority in some circumstances to depart from the guidelines and impose a sentence that is more severe or less severe than the sentence called for by the guidelines?

THE DEFENDANT: Yes, sir.

THE COURT: Do you also understand that under your plea agreement you waive or give up your right to have a jury determination of any sentencing

Case 1:06-cr-00001-JPJ    Document 790-54    Filed 03/22/13    Page 11 of 17
Pageid#: 7331
Case 2:03-cr-10115-JPJ   Document 183    Filed 06/30/08   Page 10 of 16   Pageid#: 335

factors?  Do you understand that?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you understand that under some circumstances the Government may have the right to appeal your sentence?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you understand that parole has been abolished, and you will serve your full term less any good time credit earned?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you understand that the sentence imposed may be different from any estimate that your lawyer may have given you?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you understand that if I do not accept any sentencing recommendation or stipulation as set forth in your plea agreement, you will still be bound by your plea of guilty and you will have no right to withdraw it.

THE DEFENDANT:  Yes, sir.

THE COURT:  Now, please listen carefully to these rights that are given up when you plead guilty. You have a right to plead not guilty to any charge against you and to persist in that plea.  You would then have a right to trial by jury, and at trial you

Case 1:06-cr-00001-JPJ    Document 790-54    Filed 03/22/13    Page 12 of 17
Pageid#: 7332
Case 2:03-cr-10115-JPJ   Document 183    Filed 06/30/08   Page 11 of 16   Pageid#: 336

would be presumed to be innocent and the Government would have to prove your guilt beyond a reasonable doubt.  You would also have the right to the assistance of a lawyer for your defense, and if necessary have the court appoint a lawyer, the right to see and hear all witnesses and have them cross-examined in your defense, the right on your part to decline to testify unless you voluntarily elected to do so, and the right to compel the attendance of witnesses to testify for you.  Should you decide not to testify or put on any evidence, that could not be used against you.  Do you understand all of these rights?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you further understand by entering a plea of guilty if that plea is accepted by the court there will be no trial, and you will have waived or given up your right to trial as well as these other rights associated with a trial that I've just described?

THE DEFENDANT:  Yes, sir.

THE COURT:  Let me go over with you the charge to which you wish to plead guilty.  The superseding indictment charges in count three that on or about August 29, 2003, at the United States

Penitentiary Lee, in this judicial district, that you, being an inmate at that institution, possessed, made and obtained and attempted to possess, make and obtain a, one or more prohibited objects that were designed and intended for use as weapons in violation of law.  If this case went to trial, the Government would have to prove beyond a reasonable doubt that on or about that date that you were an inmate at the United States Penitentiary Lee, and that you either possessed or made or obtained or attempted to possess, make or obtain an object that was designed and intended for use as a weapon.  Now, do you understand the facts that the Government would have to prove in regard to this case if it went to trial?

THE DEFENDANT:  Yes, sir.

THE COURT:  I'm going to ask Mr. Mountcastle to make a representation concerning the facts that the Government would be prepared to prove at trial.

MR. MOUNTCASTLE:  Your Honor, if the case were to go to trial the Government's evidence would include the following.  On August 29, 2003, at approximately 6:15 p.m. the U.S. Penitentiary in Lee County, Virginia, which is a federal penal facility within the territorial jurisdiction of the United

Case 1:06-cr-00001-JPJ    Document 790-54    Filed 03/22/13    Page 14 of 17
Pageid#: 7334
Case 2:03-cr-10115-JPJ  Document 183   Filed 06/30/08  Page 13 of 16  Pageid#: 338

States, this defendant, Moreno-Marquez, participated in an assault on a fellow inmate by the name of Ricardo Benavidez, and during the assault defendant Moreno-Marquez and his co-defendant, Mr. Caro, were observed to be in possession of homemade knives which they were using for the assault.  The evidence would include the testimony of a Bureau of Prisons employee who witnessed the assault and witnessed the defendant, Moreno-Marquez, using a homemade knife in the course of the assault, as well as a videotape showing the defendant participating in the assault. In addition, the evidence would include the results of DNA testing that established that the victim's blood was on the clothing of both this defendant and his co-defendant, and then afterward in two locations that the two co-defendants were seen visiting after they finished the assault.  Two items were recovered that consisted of pieces of Plexiglas that had been sharpened to a point on one end with medical tape wrapped around on the other end to form a handle. And those items were identified based on evidence and blood stains as having been used during the course of the assault by this defendant and his co-defendant. That would be some of the evidence that the Government would be able to show.

THE COURT:  Thank you, Mr. Mountcastle.

Mr. Moreno-Marquez, do you contest any of those facts?

THE DEFENDANT:  Excuse me?

THE COURT:  Do you contest or dispute any of the facts just recited by Mr. Mountcastle?

MS. OGLEBAY:  He's asking if what Mr. Mountcastle has just read, if you disagree that the Government would introduce evidence consistent with what he just stated, the Government's evidence.

THE COURT:  Do you contest or dispute it, Mr. Moreno-Marquez?

THE DEFENDANT:  I don't understand.

MS. OGLEBAY:  Could I take a moment and speak with him?

THE COURT:  Yes, ma'am.  Yes, sir?  My question to you is do you dispute or contest any of the facts just recited by Mr. Mountcastle?

THE DEFENDANT:  I'm agreed.

THE COURT:  You're agreed.  I understand. Now, before I ask you to enter your plea do you have any questions of me?

THE DEFENDANT:  No, sir.

THE COURT:  Do you need to talk further with your lawyer?

Case 1:06-cr-00001-JPJ    Document 790-54    Filed 03/22/13    Page 16 of 17
Pageid#: 7336
Case 2:03-cr-10115-JPJ   Document 183    Filed 06/30/08   Page 15 of 16   Pageid#: 340

THE DEFENDANT:  No, sir.

THE COURT:  How do you now plead to the charge contained in count three of the indictment, guilty or not guilty?

THE DEFENDANT:  Guilty.

THE COURT:  It is the finding of the court in the case of *United States of America v. Juan Carlos Moreno-Marquez* that the defendant is fully competent and capable of entering an informed plea, and is aware of the nature of the charges and the consequences of his plea, and his plea is a knowing and voluntary plea supported by an independent basis in fact as to each of the essential elements of the offense.  The plea is, therefore, accepted and the defendant is now adjudged guilty of that offense.  A written pre-sentence report will now be prepared by the probation office to assist me in sentencing you. You will be asked to give information for the report, and your lawyer may be present if you wish.  You and your lawyer have the right to read the report and file objections to it.  And I remind counsel that written objections to the pre-sentence report must be made within 14 days after receiving the report.  And I will accept the plea but defer acceptance of the plea agreement until after the pre-sentence report

Case 1:06-cr-00001-JPJ    Document 790-54    Filed 03/22/13    Page 17 of 17
Pageid#: 7337
Case 2:03-cr-10115-JPJ   Document 183   Filed 06/30/08   Page 16 of 16   Pageid#: 341

has been prepared.  Madam clerk, what date may we set this case for?

THE CLERK:  Your Honor, the court has available any time on Tuesday, November 2nd.

MS. OGLEBAY:  That will be fine, Your Honor.

THE COURT:  Very well.  I'll set this case for sentencing on November 2nd this year at 10:30 a.m. in this courthouse.  And the defendant will be remanded to custody.

MS. OGLEBAY:  Thank you, Your Honor.

THE COURT:  Very well.  We'll take a short recess.

(Proceedings concluded at 11:15 a.m.)


CERTIFICATE


    I certify the foregoing is an accurate transcript from the record of proceedings in the above-entitled matter.


6/30/08                         /s/ Bridget A. Dickert
Date                            U.S. Court Reporter