# EXHIBIT 55

# EXHIBIT 55

Case 1:06-cr-00001-JPJ    Document 790-55    Filed 03/22/13    Page 2 of 14
Pageid#: 7339
Case 2:03-cr-10115-JPJ  Document 184   Filed 06/30/08   Page 1 of 13   Pageid#: 342

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
Big Stone Gap Division

---------------------------x
                            :
UNITED STATES OF AMERICA,   :
                            :
        Plaintiff,          :
                            :
v.                          :    2:03CR115
                            :
JUAN MORENO-MARQUEZ,        :
                            :
        Defendant.          :    Big Stone Gap, Virginia
                            :    November 2, 2004
---------------------------x    10:25 a.m.

SENTENCING
BEFORE THE HONORABLE JAMES P. JONES
CHIEF UNITED STATES DISTRICT JUDGE

APPEARANCES:

    RICK A. MOUNTCASTLE, Esquire
    LUCAS HOBBS, Esquire
    Assistant U.S. Attorney
    P.O. Box 1098
    Abingdon, VA 24212
        For the United States of America.

    SUSAN D. OGLEBAY, Esquire
    P.O. Box 717
    Castlewood, Virginia  24224
        Counsel for the Defendant.

Proceedings recorded by Stenography, transcript
produced by computer.

**BRIDGET A. DICKERT**
**UNITED STATES COURT REPORTER**
**180 WEST MAIN STREET, ROOM 104**
**ABINGDON, VIRGINIA 24210**
**(276) 628-5116**

(Proceedings commenced at 10:25 a.m.)

THE COURT:  Morning, ladies and gentlemen. The clerk will call the case.

THE CLERK:  *United States of America* v. Juan Moreno-Marquez, Case Number 2:03CR10115, defendant number two.

THE COURT:  This is the date scheduled for the sentencing of the defendant.  Mr. Moreno-Marquez, would you stand, please, sir?  Sir, I wanted to ask a question.  Have you and your lawyer had an adequate opportunity to read and discuss the pre-sentence report?

THE DEFENDANT:  Yes, sir.

THE COURT:  Thank you, sir.  You may be seated.  And Ms. Oglebay, does the defendant have any objections to the pre-sentence report?

MS. OGLEBAY:  There are no objections, Your Honor.

THE COURT:  Does the Government have any objections?

MR. HOBBS:  Your Honor, we have no objections.  We would be asking the court to upwardly depart in this case, however, for the reasons already stated by the probation officer in the pre-sentence report.

THE COURT:  All right.  Well, I'll take up the Government's motion momentarily, but in the meantime I will adopt the pre-sentence investigation report as my findings of fact in this case.  The defendant has a total offense level of 11, and a criminal history category of six, and that translates into a custody range of 24 to 30 months imprisonment, supervised release of two to three years, a fine range of $2,000 to $20,000, and a special assessment of $100.  Mr. Hobbs, the Government has made a motion, as I understand, for an upward departure to depart above the guideline range in this case, and does the Government wish to make any further argument on that?

MR. HOBBS:  If I might just briefly, Your Honor.  The basis, as I stated, is simply that is which is contained in Ms. Sumer Taylor-Sargent's report, namely that the criminal history category underrepresents Mr. Moreno-Marquez's actual criminal involvement.  As noted he has a total of 28 criminal history points.  Of course, only 13 are necessary for classification in criminal history category six.  Thus, he has 15 points overage, Your Honor, and pursuant to the *United States* v. *Rusher* case, which is found at 966 F.2d 868, it's a Fourth Circuit

Case 1:06-cr-00001-JPJ    Document 790-55    Filed 03/22/13    Page 5 of 14
Pageid#: 7342
Case 2:03-cr-10115-JPJ   Document 184   Filed 06/30/08   Page 4 of 13   Pageid#: 345

decision from 1992, as well as the United States Sentencing Guideline 4A1.3(a)(4)(B), Your Honor, we would ask the court to upwardly depart and to, to, in fashioning its upward departure we would ask the court for every three points, since that's essentially the break down that the sentencing guidelines follow, for every three points that Mr. Moreno-Marquez falls over category six to go ahead and count that as one offense level increase, and would place him at an adjusted offense level of 16, again still in category six, for which the guidelines would then be 46 to 57 months.  And we would ask the court to sentence him to the upper end of that range.

THE COURT:  Let me ask you another question, Mr. Hobbs.  The present defendant was also charged with attempted murder in count two of the indictment.  As I understand, the Government in his plea agreement agrees to dismiss that charge.

MR. HOBBS:  Yes, Your Honor.

THE COURT:  The pre-sentence report which I have adopted without objection indicates in paragraphs 17 and 18 that this defendant actually participated in the stabbing of the victim.  Why, why is it appropriate for me to accept the plea agreement

in this case and dismiss that charge when there is evidence that the defendant was involved in the attempted murder, and particularly since yesterday I sentenced the co-defendant, Carlos Caro, to a very lengthy term of imprisonment for attempted murder in this same case?

MR. HOBBS:  Your Honor, could I have a moment to consult with Mr. Mountcastle?

THE COURT:  Yes, sir.

MR. MOUNTCASTLE:  Your Honor, if I may, since I was involved in great depth in the, in this case in negotiations, one of the problems we have with the cases coming out of the prisons, and especially those involving victims who are inmates of the prison, is that we don't get cooperation from those victims.  Notwithstanding the fact that the victim in this case may have been stabbed 28 or 29 times, when it comes to answering questions about the incident and actually testifying either in grand jury or court, these victims are totally uncooperative, and of course that presents some significant issues in terms of going to trial before a jury on cases such as this where we have a totally non-cooperative victim.  Granted, there are security cameras in the prison that, that depict various events such as this

Case 1:06-cr-00001-JPJ    Document 790-55    Filed 03/22/13    Page 7 of 14
Pageid#: 7344
Case 2:03-cr-10115-JPJ   Document 184    Filed 06/30/08   Page 6 of 13   PageId#: 347

that have occurred, and of course this one was, as I recall, captured on video.  The problem with the videos, as the court is probably aware of from previous trials, is that those videos are not of high quality, it's difficult to see faces in the course of those videos.  In discussions with, in reviewing this particular case the five defendants were not even in the location, so we dealt with those defendants in that manner, and in this particular case the Government made the determination that defendant Caro appeared to be the most culpable of all of the defendants, and because of the problems of going forward with proof in a jury trial with a totally uncooperative victim we felt that in this particular instance that a, the agreements reached with Mr. Caro and Mr. Moreno-Marquez, which were in essence dependent in one another, was in the best interests of the United States in this case.

THE COURT:  Thank you, Mr. Mountcastle. Thank you, Mr. Hobbs.

MR. HOBBS:  Thank you, Your Honor.

THE COURT:  Ms. Oglebay, the Government has moved for an upward departure in this case, and I'll be glad to hear any response that you care to make.

MS. OGLEBAY:  Without having the case in

front of me, in front of me, Your Honor, as I understand, the court has to first determine that my client's criminal history points are not a fair representation of what they should be with the guidelines.  The criminal history points are what they are, and unfortunately we've gone into this a bit in view of the court's last question and the prosecution.  I would add to that, I realize that we have stipulated to the facts that the Government presented, but if the court wishes to review the videotape, the videotape does not indicate any stabbing by my client.  We couldn't even discern a knife in his hands.  But given the totality of the evidence, I'm certainly not here to argue to the court that that wasn't the case.  To move beyond the evidence, my client is very young, his record to put him in a maximum security prison is very insubstantial.  I am also somewhat at a disadvantage because my client does not wish me to blame other people who have been before this court, and I, of course, will honor that request.  But his age, the situation, and the Government's own evidence paint a picture which indicate to me that given the totality of the circumstances his record is, in fact, an accurate representation of his potential

Case 1:06-cr-00001-JPJ   Document 790-55   Filed 03/22/13   Page 9 of 14
Pageid#: 7346
Case 2:03-cr-10115-JPJ   Document 184   Filed 06/30/08   Page 8 of 13   Pageid#: 349

dangerousness.

THE COURT:  Thank you.  In regard to the Government's motion for an upward departure in this case, the court has determined to grant that motion, and the following is a statement of reasons for such an upward departure.  Based on Section 4A1.3 of the Sentencing Guidelines entitled Adequacy of Criminal History Category, prior notice of a possible departure on this ground was given to the defendant in the pre-sentence report.  The reliable evidence from the pre-sentence investigation report shows that the defendant is unlikely to abide by the law.  He has been involved with the criminal justice system continually since he was a juvenile, and has committed numerous crimes, including two prior convictions for crimes of violence; that is, burglary of a house as described in paragraphs 37 and 38 of the pre-sentence report, together with numerous other crimes of theft and statutory burglary.  His prior punishment for these crimes has not deterred him, as shown by the fact that while in prison he has shown himself to be a violent and dangerous inmate.  I thus find, considering the nature of the defendant's prior record, that the applicable custody range in this case underrepresents the seriousness of the

defendant's criminal record.  I find that for the purpose of an upward departure it is reasonable to add one offense level for every three of the defendant's criminal history points above 13 in order to determine a total offense level within category six that adequately reflects the seriousness of the defendant's prior criminal conduct.  This method points to an offense level of 16.  I have considered each intervening offense level and find that such intervening levels would not adequately account for the defendant's past, or his propensity for future criminality.  Level 16 has a range of 46 to 57 months imprisonment.  Now, I'm prepared at this time to sentence the defendant, and Mr. Hobbs, does the Government have anything further?

MR. HOBBS:  Nothing further, Your Honor. We would ask the court to go ahead and sentence Mr. Moreno-Marquez to 57 months incarceration.

THE COURT:  And Ms. Oglebay, anything further?

MS. OGLEBAY:  Nothing further, Your Honor.

THE COURT:  All right.  Mr. Moreno-Marquez, will you stand, please, sir?  Sir, is there anything that you wish to say to me before I pronounce sentence in your case?

THE DEFENDANT:  No, sir.

THE COURT:  It is the judgment of the court that the defendant, Juan Moreno-Marquez, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 57 months.  This term of imprisonment shall run consecutively with the defendant's imprisonment under any previous state or federal sentence.  Upon release from imprisonment the defendant shall be placed on supervised release for a term of three years.  Within 72 hours of release from custody the defendant must report in person to the probation office in the district to which he is released.  While on supervised release the defendant must not commit another federal, state or local crime, must not illegally possess a controlled substance, and shall comply with the standard conditions that have been adopted by the court.  He must refrain from any unlawful use of a controlled substance and must submit to one drug test within 15 days of placement, and at least two periodic drug tests thereafter as directed by the probation officer.  In addition, he must comply with the following special conditions.  He must pay any monetary penalty imposed by this judgment, he must participate in a program of testing and treatment for

Case 1:06-cr-00001-JPJ    Document 790-55    Filed 03/22/13    Page 12 of 14
Pageid#: 7349
Case 2:03-cr-10115-JPJ    Document 184    Filed 06/30/08    Page 11 of 13    Pageid#: 352

substance abuse as directed by the probation officer until he is released from the program by the officer. He must not possess a firearm or destructive device, and shall reside in a residence free of the same. He must submit to warrantless search and seizure of person and property as determined by the probation officer to determine whether he is in possession of any illegal contraband. He is to report to immigration officials for deportation proceedings. If deported, he is not to enter the United States illegally. If he is deported during the period of supervised release, supervision by the probation officer becomes inactive. If he returns he must report to the nearest United States probation office immediately, and supervision will reactivate. It is ordered that the defendant pay to the United States a fine in the amount of $1,000. This fine is below the guideline range because of the defendant's economic circumstances. The court will permit this fine to be paid in monthly installments of $25 beginning 90 days from the date of judgment. In accordance with the recommendation of the United States Court of Appeals, in the case of *United States* v. *Hammoud*, the court imposes an alternative sentence assuming that the sentencing guidelines were not mandatory. That

Case 1:06-cr-00001-JPJ   Document 790-55   Filed 03/22/13   Page 13 of 14
Pageid#: 7350
Case 2:03-cr-10115-JPJ   Document 184   Filed 06/30/08   Page 12 of 13   Pageid#: 353

alternative sentence would be a term of imprisonment of 60 months, the remaining portion of the sentence to remain the same as just imposed. Pursuant to the plea agreement in this case counts one and two of the superseding indictment and the first indictment are dismissed. I advise the defendant that he has waived his right to appeal his sentence. That waiver is binding unless the sentence exceeds the statutory maximum or is based on a constitutionally impermissible factor. If a right of appeal does exist, a person who is unable to pay the costs may apply for leave to appeal without pre-payment of such costs. Any notice of appeal must be filed within ten days of the entry of judgment, or within ten days of a notice of appeal by the Government. If requested, the clerk will prepare and file a notice of appeal on behalf of the defendant. Are there any further matters that the court must resolve?

MR. HOBBS:  No, Your Honor.

THE COURT:  Very well.  We'll recess court.

(Proceedings concluded at 10:45 a.m.)

Case 1:06-cr-00001-JPJ   Document 790-55   Filed 03/22/13   Page 14 of 14
Pageid#: 7351
Case 2:03-cr-10115-JPJ   Document 184   Filed 06/30/08   Page 13 of 13   Pageid#: 354

CERTIFICATE


     I certify the foregoing is an accurate transcript
from the record of proceedings in the above-entitled
matter.



6/30/08                         /s/ Bridget A. Dickert
Date                              U.S. Court Reporter