**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **Case No. <u>1:06CR00001</u>** |
| | ) | |
| **CARLOS CARO,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S FIRST MOTION FOR LEAVE TO
CONDUCT DISCOVERY AND PRELIMINARY REQUEST FOR AN EVIDENTIARY
HEARING AND EXPANSION OF THE RECORD**

The defendant, Carlos Caro, by counsel, has filed a petition pursuant to 28 U.S.C. §2255

seeking to vacate his capital murder conviction and death sentence. The United States has moved

to dismiss the petition and a hearing on the motion to dismiss is pending.  Caro has moved the

court for the entry of an order granting leave to conduct discovery and for an evidentiary hearing

relating to five of the claims he has advanced in his petition. Pet'r's Mot. for Discovery at 4.  The

United States opposes Caro's motion for discovery and an evidentiary hearing.

<u>THE MOTION IS PREMATURE</u>

Caro's motion seeks "an order granting . . . specific discovery requests . . . expansion of

the record to include the evidence presented . . . to date, and Mr. Caro's request for an

evidentiary hearing, *at an appropriate time,* to resolve factual disputes" arising from his petition.

Pet'r's Mot. for Discovery at 1. To the extent that the motion seeks to delay discovery and an

evidentiary hearing until after the court rules on the United States' motion to dismiss, the United

States does not oppose the request.  However, if Caro seeks discovery and an evidentiary hearing

before the court so rules, his motion should be denied.

Discovery in a §2255 proceeding is governed by Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts (hereinafter, "Rule 6"). That rule requires the parties to obtain leave of court to conduct discovery. The decision to grant leave and the scope of discovery allowed is vested in the sound discretion of the court. *Barry v. United States, 528 F.2d 1094 (7th Cir. 1976)*; Rule 6 advisory committee's note, 1976 adoption. Discovery normally follows the granting of an evidentiary hearing. *Wagner v. United States,* 418 F.2d 618, 621 (9th Cir. 1969).

Caro's request for leave to conduct discovery should be denied for several reasons. First, the court has not yet ruled on the motion of the United States to dismiss the petition. The court may after consideration of the written material and oral argument opine that some or all of the claims on which he seeks discovery are without merit and should be dismissed. Discovery in relation to dismissed claims would be unnecessary and a waste of resources. Granting Caro's delayed motion for leave to conduct discovery will unduly delay the court's ruling on the merits of the government's motion to dismiss.

Second, a court order granting discovery to Caro may and likely will trigger a reciprocal request by the United States for discovery on those issues. For example, Caro seeks to depose AUSA Rick Mountcastle with regard to Caro's claim that the government delayed the capital indictment until it could exact a disproportionate plea in connection with the Benevidez assault. Pet'r's Mot. for Discovery at 5-7. He alleges that Mountcastle's testimony will support his claim that the United States used the Benevidez plea to "gain a tactical advantage" in connection with the capital case. In support of that claim, he has submitted the affidavit of Lou Dene, his defense counsel in the Benevidez case. Dene, however, does not support Caro's argument. Rather, he states explicitly that the suggestion that Caro plead to the more serious charges in the Benevidez

case was not propounded by the United States, but by his co-defendant Juan Moreno-Marquez. The suggestion was accepted by Caro because, according to Dene, Caro said he "wasn't going anywhere, so the long sentence did not matter to him." Thus, according to Caro's counsel, the plea in the Benevidez case was proposed by a fellow gang member / co-defendant and Caro, sensing that the younger gang member had more to lose than he, accepted the proposal. The United States played no role in the proposal by Moreno-Marquez or the acceptance of the proposal by Caro. In light of Dene's affidavit, it is pure speculation for Caro to suggest that his plea in the Benevidez case was part of a strategy by the government to gain some advantage in the capital case.[1] The request to depose AUSA Mountcastle is a fishing expedition.

Granting discovery with regard to Caro's claim will require the United States to depose Dene to obtain a more detailed statement of the circumstances that led to Caro's plea in the Benevidez case. The Virginia State Bar Rules, however, do not authorize the disclosure of client confidences without some threshold determination by the court of the merits of the claim. Legal Ethics Opinion 1859, issued on June 6, 2012, recognizes that while Rule 1.6 of the Virginia Rules of Professional Responsibility allows the disclosure of confidential information in order to "respond to allegations in any proceeding concerning the lawyer's representation of the client," the disclosure must be limited to information necessary to address the claim. The LEO provides

A habeas petition that alleges ineffective assistance of counsel undoubtedly "concerns" the lawyer's representation of the former client, since it is a claim that the former client's conviction should be set aside because of the lawyer's performance during the representation. However, the lawyer may reveal information only to the extent reasonably necessary to defend against these claims. It is unlikely that it is reasonably necessary for the lawyer to disclose confidential information at the time the petition is filed, when the court has not made a determination of whether the petition is legally and procedurally sufficient. Many habeas petitions fail on legal grounds, and in those cases there is no need for the lawyer to ever reveal information about his representation.

---

[1] Caro has in a separate proceeding charged that Dene was ineffective in allowing him to plead to the charges in the Benevidez case and in failing to advise him of the potential consequences of the plea in relation to the capital case. The United States has moved to dismiss those claims as time barred. The court has not yet ruled on the motion.

Although a pre-litigation disclosure of all relevant information may make it more likely that the claim of ineffective assistance will be disposed of quickly, that fact alone does not make it necessary that the lawyer reveal the information.

By the terms of the LEO, Dene risks violation of the VSB rules if he were to disclose client confidences prior to the court ruling on the motion to dismiss the claim. While the United States could obtain a court order compelling disclosure with limitations, such an action would be unnecessary if the court were to sustain the government's motion to dismiss.

A similar argument can be made with regard to Claims Four, Five, Six and Seven. The government has moved to dismiss each of these claims and discovery may be entirely unnecessary if the court finds that the government's motions are well taken. Accordingly, the United States submits that discovery should be denied until the court rules on the merits of the government's motion to dismiss the petition.

<u>THE MOTION IS OVERBROAD</u>

Rule 6(b) requires the requesting party to provide reasons to support the requested discovery. The purpose of this rule is to "advise the judge of the necessity for discovery and enable him to make certain that the inquiry is relevant and appropriately narrow." Rule 6 advisory committee's note, 1976 adoption.[2] Caro's discovery requests are overly broad and constitute a fishing expedition for documents that may or may not be relevant to the issues he has presented. Locating and producing the information requested, even if it exists, would be onerous. The court and the parties should have the benefit of knowing what issues survive in order to consider whether any discovery requests are "relevant and appropriately narrow." Compliance with the discovery requests would be unnecessary if the court sustains the government's motion to dismiss all or some of those claims.

---

[2] This language actually appears in the advisory committee notes governing Rule 6 of the Rules Governing Section 2254 Cases In the United States District Courts. Rule 6 expressly provides that the §2254 committee notes are "fully applicable to discovery" in §2255 proceedings.

Further, Caro's requests for discovery seek information and documents that are irrelevant and unnecessary for the court to adjudicate the merits of his claims even if the court were to deny the government's motion to dismiss. Caro's request for discovery with regard to Claim Six (B) relating to the government's mental health experts, Pet'r's Mot. For Discovery at 14-15, illustrates the point.

Caro challenges defense counsel's decision not to present any mental health evidence during the penalty phase of the trial. He mistakenly asserts that counsels' decision was based on nothing more than a "feeling" that they had an insufficient basis to rebut the mental health testimony of the government's experts.

Caro's discovery request has no relevance to his claim. He seeks discovery of documents provided by the government to its experts, work product "generated" by the government's experts in conducting their evaluations of Caro and in preparing their reports, and receipts for services rendered by the government experts. These documents are wholly irrelevant to his claim that defense counsel was ineffective in failing to present a mental health defense. As Caro points out, "Had trial counsel presented a mental health defense at trial, the Government would have been required to produce these documents." The United States agrees with that assertion. However, the government in such case would have been entitled to reciprocal discovery of the work product and related documents prepared by Caro's experts. However, because Caro did not present a mental health defense, neither he nor the government was required to produce the work products of their respective experts. Although Caro may be entitled to the documents he seeks in some other proceeding, he cannot obtain them in connection with the claim he has asserted in this §2255 proceeding.[3]

---

[3] Discovery of the work product of the experts on both sides may be appropriate if Caro's sentence is set aside and a new hearing is held during which Caro elects to introduce evidence of his mental health as a mitigating factor.

## CONCLUSION

The United States respectfully submits that the court should not grant leave to conduct discovery unless and until it determines which, if any, of Caro's claims are sufficient to survive the government's motion to dismiss. It is only after the court rules on the motion that the parties can discern what discovery is necessary and permissible with regard to any claim or part of any claim that survives. Similarly, the parties would be in a better position to comply with the provisions of Rule 6 that require specificity when requesting discovery. It would further allow the parties to make reasoned objections to any discovery requests they believed to be irrelevant, overbroad or unnecessary to a fair adjudication of the remaining issues as articulated by the court.

Respectfully submitted,

TIMOTHY J. HEAPHY
United States Attorney

Date: <u>November 15, 2013</u>

/s/ Anthony P. Giorno
Anthony P. Giorno
Assistant United States Attorney
Virginia State Bar No. 15830
P.O. Box 1709
Roanoke, VA 24008-1709
Tel: (540) 857-2250; Fax: (540) 857-2283
Email: anthony.giorno@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on November 15, 2013, I caused the foregoing

**GOVERNMENT'SRESPONSE TO DEFENDANT'S FIRST MOTION FOR LEAVE TO CONDUCT DISCOVERY AND PRELIMINARY REQUEST FOR AN EVIDENTIARY HEARING AND EXPANSION OF THE RECORD**

to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to counsel of record.

/s/ Anthony P. Giorno
Assistant United States Attorney