**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:06CR00001-JPJ |
| Plaintiff, | DEATH-PENALTY CASE |
| vs. | Motion to Alter or Amend Judgment |
| CARLOS DAVID CARO, | Pursuant to Federal Rule of Civil Procedure Rule 59(e) |
| Defendant. | |

Pursuant to Federal Rule of Civil Procedure 59(e), Defendant Carlos David Caro moves to alter or amend the Court's May 4, 2015 Opinion dismissing Caro's Motion for Collateral Relief ("Op.") (ECF No. 808), and the accompanying Judgment (ECF No. 809). In accordance with Rule 11(c)(1) of the Local Civil Rules for the United States District Court for the Western District of Virginia, this motion is supported by the attached Memorandum of Points and Authorities, and all pleadings and exhibits on file herein.

Respectfully submitted this 1st day of June, 2015.

s/Robin C. Konrad
Jon M. Sands
Federal Public Defender
Robin C. Konrad (Alabama Bar No. 2194-N76K)
Office of the Federal Public Defender
District of Arizona
850 West Adams Street, Suite 201
Phoenix, Arizona 85007
robin_konrad@fd.org
Telephone: 602-382-2816
Facsimile: 602-889-3960

Fay F. Spence (Virginia Bar No. 27906)
Federal Public Defender's Office
210 First Street, SW, Suite 400
Roanoke, Virginia 24011
fay_spence@fd.org
Telephone: 540-777-0880
Facsimile: 540-777-0890

Brian J. Beck (Virginia Bar No. 78049)
Federal Public Defender's Office
201 Abingdon Place
Abingdon, Virginia 24211
brian_beck@fd.org
Telephone: 276-619-6080
Facsimile: 276-619-6090

Attorneys for Defendant
Carlos David Caro

**Memorandum of Points and Authorities in Support of Rule 59(e) Motion**

**I. Procedural History**

On January 8, 2013, Mr. Caro filed a Motion for Collateral Relief Pursuant to 28 U.S.C. § 2255 ("2255 Motion"). (ECF No. 781.) In his motion, he sought discovery, an evidentiary hearing, and relief from his unconstitutional conviction and sentences. (ECF No. 781 at 195-96.) On June 11, 2013, the Government filed a motion to dismiss the 2255 Motion. (ECF No. 791.) On October 9, 2013, Mr. Caro filed his reply to the Government's motion to dismiss. (ECF No. 797.) On October 25, 2013, he filed a motion for discovery (ECF No. 800), to which the Government responded (ECF No. 803). On November 25, 2013, the Court heard argument on the Government's motion to dismiss and Mr. Caro's motion for discovery. (ECF No. 804.) On May 4, 2015, this Court granted the Government's motion and dismissed Mr. Caro's 2255 Motion. (ECF Nos. 808, 809.) Mr. Caro now timely files his Motion to Alter or Amend Judgment.

1

## II.  Legal Standard

Under Federal Rule of Civil Procedure 59(e), a district court has the power "to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dep't of Employment Security*, 455 U.S. 445, 450 (1982).  The Fourth Circuit recognizes three grounds for amending a judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure: (1) to accommodate an intervening change in the law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.  *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).  In this Motion, Mr. Caro invokes the third of these grounds.  Specifically, he submits that, in the incidents identified in this motion, the Court has committed clear errors of law.[1]

## III.  The Court has Committed Clear Errors of Law

The district court committed several errors of law when it reviewed Mr. Caro's ineffective assistance of counsel (IAC) claims.  To begin, it did not rule upon one of Mr. Caro's subclaims.  The Court also failed to apply the relevant standard for dismissal; rather than accepting all allegations as true, the Court substituted its own speculation regarding trial counsel's performance.  In assessing prejudice, the Court erred by failing to review cumulatively the impact of the trial counsel's errors, by applying a test that directly contradicts Supreme Court precedent, and by erroneously excluding relevant evidence in its decision.  These errors should result in this Court vacating its judgment and granting an evidentiary hearing on Mr. Caro's claims for relief.

---

[1] Mr. Caro asserts that all claims for relief set forth in his § 2255 Motion are meritorious and should not have been summarily dismissed. His decision not to address any particular claim or assert any particular argument in this motion constitutes neither a waiver nor a withdrawal of that claim or argument.

### A. The Court failed to decide Subclaim VI.A.

An order is not appealable unless it is "final" as defined by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 54(b). Rule 54(b) provides that an order addressing fewer than all of the claims in an action is not a final action, unless the court expressly determines that there is no just reason for delaying an appeal and directs that final judgment be entered. Accordingly, an order disposing of a habeas petition must be final as to the entire subject matter before it may be appealed. *See Andrews v. United States*, 373 U.S. 334, 340 (1963) (noting that the standard of finality followed in federal cases to avoid piecemeal litigation applies equally to habeas proceedings).

Mr. Caro alleged that he was denied his right to effective counsel during the penalty phase of his trial because, *inter alia*, counsel failed to challenge the Government's delay in bringing the indictment. (ECF No. 790 at 65-66.) In its opinion, the Court recites Mr. Caro's subclaim but failed to reach a decision regarding that aspect of the IAC claim. (Op. at 41-42.) Because the Court failed to decide subclaim VI.A, which is one of the aspects of Mr. Caro's claim that he was denied effective counsel at the penalty phase, the appellate courts cannot review the decision. This Court should grant this motion[2] and amend its order and enter a final ruling on all aspects of his IAC claim.

### B. This Court erred by imposing its own speculation regarding trial counsel's performance instead of accepting all allegations as true.

Because this Court granted the Government's motion to dismiss without a hearing, it was "obliged" to accept Mr. Caro's "well-pleaded allegations as true" and "draw all reasonable inferences therefrom" in his favor. *Gordon v. Braxton*, 780 F.3d 196, 204 (4th Cir. 2015). In many instances, rather than accept

---

[2] This Court can also amend its ruling pursuant to Federal Rule of Civil Procedure 60(a) to "correct a clerical mistake or a mistake arising from oversight or omission."

Mr. Caro's allegations as true, this Court instead substituted its own speculation as to what might have occurred. For example, in dismissing the IAC claim related to the penalty phase, the Court made findings regarding what trial counsel's strategy *could or might* have been—findings that directly contradict allegations in the 2255 Motion and have no support in the record. *See, e.g.*, Op. at 45 (noting what trial counsel "could have decided" regarding expert); *id.* at 46 (noting what trial counsel "might have felt"); *id.* at 47 (finding, absent any evidence, that trial counsel "made a strategic decision regarding the value of Perez's testimony"); *id.* at 47 (finding trial counsel "could have made a strategic decision"); *id.* at 55 (finding that "counsel may have made a strategic decision"); *id.* (speculating as to why "counsel may have decided not to present evidence from the prison psychologist's report").

This Court erred by engaging in speculation to justify its dismissal of Mr. Caro's 2255 Motion. Under § 2255, the Court should have granted a hearing to make findings of fact. *See* 28 U.S.C. § 2255, ¶ 2 ("Unless the motion and the files and the records of the case *conclusively show* that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States Attorney, *grant a prompt hearing thereon*, determine the issues and make findings of fact and conclusions of law with respect thereto.") (emphasis added). By failing to hold a hearing and imposing its own speculation regarding trial counsel's strategy, this Court committed clear error.

**C. This Court failed to conduct a cumulative review of the deficient performance in determining whether prejudice resulted from those deficiencies during the guilt/innocence phase or penalty phase of trial.**

This Court also misapplied the controlling law in deciding the IAC claims raised in his motion. Mr. Caro alleged that he was denied his Sixth Amendment right to effective counsel both at the guilt/innocence phase (Claim IV) and at the penalty phase (Claim VI). In supporting the constitutional violations that occurred, he alleged that counsel's deficiencies prejudiced him at trial and sentencing. (ECF

4

No. 790 at 61-62, 146.) Cumulative review of the deficiencies in counsel's performance is the appropriate legal test when considering allegations of ineffective assistance of counsel.

The requirement of undertaking cumulative review of counsel's deficiencies is set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). There, the Supreme Court repeatedly explained that lower courts must consider whether trial counsel's *errors* impacted the trial in a manner that violated the Sixth Amendment; it did not instruct that each individual error should be reviewed for prejudice, but rather the opposite. *See Strickland*, 466 U.S. at 687 (stating that prejudice "requires showing that counsel's *errors* were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable") (emphasis supplied); *see also id.* at 693 ("[I]f a defendant shows that particular *errors* of counsel were unreasonable . . . the defendant must [also] show that they actually had an adverse effect on the defense.") (emphasis supplied); *id.* at 694 (noting that "defendant must show that there is a reasonable probability that, but for counsel's unprofessional *errors*, the result of the proceeding would have been different") (emphasis supplied); *id.* at 695 ("The governing legal standard plays a critical role in defining the question to be asked in assessing the prejudice from counsel's *errors*.") (emphasis supplied).

The cumulative analysis of IAC claims applies to courts when reviewing counsel's errors from guilt/innocence phase and the penalty phase. "*Strickland* stands for the proposition that a multifaceted claim of ineffective assistance of counsel must be treated as a single claim." *Johnson v. United States*, 860 F. Supp. 2d 663, 756 (N.D. Iowa 2012). The Supreme Court's post-*Strickland* decisions reiterate this point. In *Williams v. Taylor*, the petitioner identified multiple categories of mitigating evidence omitted by trial counsel's deficient mitigation investigation. 529 U.S. 362, 396 (2000). Nevertheless, those omissions were treated collectively as part of the singular failure of "trial counsel [to] fulfill their obligation to conduct a thorough investigation of the defendant's background." *Id.*

5

Likewise, the Supreme Court in *Wiggins v. Smith* treated the investigatory omissions and multiple categories of evidence as a single IAC claim for assessing prejudice: "In order for counsel's inadequate performance to constitute a Sixth Amendment violation, petitioner must show that counsel's *failures* prejudiced his defense." 539 U.S. 510, 534 (2003) (emphasis added).

When this Court dismissed Claim IV (IAC during guilt/innocence phase), it determined that each subclaim lacked merit; and it found that because "each of Caro's subclaims" lacked merit, then it necessarily followed that there was no cumulative error. (Op. at 39.) The fundamental flaw in the Court's determination, however, is that it rejected two of the subclaims *only* because they did not result in prejudice. (Op. at 37) (finding that "Caro has not established prejudice" for subclaim IV.C); (Op. at 38) (dismissing subclaim IV.D because "[e]ven if trial counsel had presented testimony from a prison culture expert . . . a reasonable juror still could have concluded from Caro's statements that the killing was premeditated"). In dismissing those two subclaims, the Court either determined or assumed that counsel's performance was deficient. Therefore, under *Strickland*, the Court was required to determine whether, in reviewing both of those errors *cumulatively*, the record "conclusively show[s]" that Mr. Caro is "entitled to no relief." 28 U.S.C. § 2255(b).

The Court also committed a legal error when it dismissed Claim VI (IAC during penalty phase). In misapplying *Strickland*'s cumulative requirement, the Court found: "None of these claims individually warrant granting Caro's Motion for Collateral Relief, nor do they do so collectively." (Op. at 62.) But, as it did with the subclaims related to guilt/innocence phase, the Court rejected five subclaims *solely* on the basis that those individual instances of deficient performance did not result in prejudice. (Op. at 50-51 (finding no prejudice on subclaim VI.D); *id.* at 51 (finding no prejudice on subclaim IV.E); *id.* at 56 (finding no prejudice on subclaim IV.H); *id.* at 58 (finding no prejudice on

6

subclaim IV.I); *id.* at 60 (finding no prejudice on subclaim IV.J)).[3]  By rejecting these subclaims in this manner, the Court once again assumed that counsel's performance was deficient.  Yet it failed to undertake a cumulative analysis of these five subclaims in deciding whether all of these deficiencies combined resulted in prejudice.

When determining whether there was prejudice amounting from counsel's deficient performance at both phases of trial, this Court should have reviewed *all* errors and *all* new facts supporting prejudice. *See Strickland*, 466 U.S. at 695; *Williams v. Taylor*, 529 U.S. 362, 397-98 (2000) (noting that courts must look at "both that [evidence] adduced at trial, and the evidence adduced in the habeas proceeding[s]"). Its failure to do so was legal error that should result in reconsideration.[4]

---

[3] As noted *supra*, the Court never ruled upon Subclaim VI.A so the allegations of deficient performance set forth in VI.A could not have be part of its cumulative-error analysis.

[4] At minimum, this Court should grant a certificate of appealability (COA) on Claims IV and VI because Mr. Caro "has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and because reasonable jurists could debate the Court's resolution of the claims.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003) (noting that a court "should not decline the application for a COA merely because it believes the applicant will not demonstrate entitlement to relief").  Moreover, the fact that this is a capital case weighs in favor of granting COAs for Claims IV and IV. *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983) (noting that nature of penalty is proper consideration in determining COA in capital cases); *see also Graves v. Cockrell*, 351 F.3d 143, 150 (5th Cir. 2003) ("Any doubt regarding whether to grant a COA is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination."); *Jermyn v. Horn*, 266 F.3d 257, 279 n.7 (3rd Cir. 2001) ("In a capital case, the nature of the penalty is a proper consideration in determining whether to issue a [COA].").

**D. This Court applied the incorrect standard for assessing prejudice in reviewing Subclaim VI.H.**

As part of the penalty-phase IAC claim, Mr. Caro alleged that counsel failed to adequately investigate and present evidence regarding BOP negligence. (2255 Mot. at 132.) This Court dismissed this subclaim, finding "[e]ven if his trial counsel had introduced evidence supporting all of the arguments he proposes, the jury still could have decided that the death penalty was appropriate." (Op. at 56.) This conclusion is in direct contravention of Supreme Court precedent.

In *Rompilla v. Beard*, 545 U.S. 374 (2005), the Supreme Court reviewed a claim alleging trial counsel's failure to investigate and present mitigation evidence in support of a life sentence during a capital trial. In reviewing the evidence that was uncovered post-trial to determine prejudice, the Court specifically rejected the test that this Court imposed: "This evidence adds up to a mitigation case that bears no relation to the few naked pleas for mercy actually put before the jury, and *although we suppose it is possible that a jury could have heard it all and still have decided on the death penalty, that is not the test*." *Id.* at 393 (emphasis added). Instead, the Court restated the appropriate evaluation: "the undiscovered mitigating evidence, taken as a whole, might well have influenced the jury's appraisal of [Rompilla's] culpability, and the likelihood of a different result if the evidence had gone in is sufficient to undermine confidence in the outcome actually reached at sentencing." *Id.* (internal citations and quotation marks omitted; alteration in original). The Court's decision here, which is directly counter to the test rejected in *Rompilla*, is clear error.

**E. This Court committed clear error in its wholesale rejection of juror statements.**

In support of his 2255 Motion, Mr. Caro submitted several juror affidavits to demonstrate the prejudice that resulted from his counsel's deficient performance. (ECF Nos. 790-29, 790-30, 790-31, 790-33.) In dismissing his IAC claims, the

8

Court found that it could not consider juror affidavits as evidence of prejudice. (Op. at 34 n.8; Op. at 59 n.9.) In doing so, it relied upon Federal Rule of Evidence 606(b). This was clear error.

In determining whether a capital defendant's Sixth Amendment right to counsel was violated during the penalty phase of trial, the Court must assess prejudice by determining whether "there is a reasonable probability that, absent the errors, the sentencer . . . would have concluded that the balance of aggravating and mitigating circumstances did not warrant death." *Strickland*, 466 U.S. at 695. In other words, prejudice is shown where "there is a reasonable probability that *at least one juror* would have struck a different balance." *Wiggins v. Smith*, 539 U.S. 510, 537 (2003) (emphasis added). In an attempt to prove that a juror would have struck a different balance if trial counsel's performance was not deficient, Mr. Caro submitted affidavits from three jurors who said that had they known certain information, it would have made a difference to them. *See* ECF No. 790-29 (juror declaring that knowing that, inter alia, Mr. Caro has brain damage would have made a difference); ECF No. 790-33 (same); ECF No. 790-31 (juror saying that he would not have voted for death if he knew Mr. Caro has brain damage). The juror statements were properly before the Court for the sole purpose of demonstrating that it was more probable than not that the jury would have struck a different balance if counsel's performance were not deficient. *See* Fed. R. Evid. 401(a).

Rule 606(b) is inapplicable in these circumstances.[5] First, the plain language of Rule 606(B) prohibits juror testimony regarding "an inquiry into the validity of a verdict or indictment." Fed. R. Evid. 606(b)(1). The juror affidavits that Mr. Caro submitted with his motion were not to challenge the validity of a verdict. Rather, they were submitted to demonstrate that prejudice resulted from counsel's

---

[5] Moreover, at least one other district court, in a capital 28 U.S.C. § 2255 proceeding, has held that "Rule 606(b) does not apply to death penalty-phase proceedings under the Federal Death Penalty Act." *United States v. Fell*, No. 2:01-cr-12, 2013 WL 1953322, at * 3 (D. Vt. May 10, 2013).

failures to perform as required by the professional norms. Second, the rule generally prohibits (absent limited exceptions not applicable to this argument) a juror from testifying "about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment." Fed. R. Evid. 606(b)(1). The question under *Strickland* is not about what took place in the jury room, but how the outcome of the proceedings may have been affected by counsel's actions or omissions. Mr. Caro did not submit juror affidavits to demonstrate that the verdict was wrong; instead, he introduced this evidence to sustain his burden of proof—e.g., "there is a reasonable probability that *at least one juror* would have struck a different balance." *Wiggins*, 539 U.S. at 537.

The determination of prejudice does not impeach the jury's verdict for purposes of Rule 606(b). Thus, the court's failure to consider evidence in support of the prejudice prong was clear error under *Strickland* and *Wiggins*.

**IV.  Conclusion**

Because the Court's Judgment is based on errors of law and the failure to decide each and every claim before it, relief under Rule 59(e) is appropriate. In particular, Mr. Caro asks the Court to provide the following relief: (1) alter, amend and set aside its Judgment on all the issues addressed herein; (2) grant Mr. Caro an evidentiary hearing; (3) grant Mr. Caro a COA on claims IV and claims VI; or (4) reopen the proceedings and grant whatever relief this Court deems just.

**Certificate of Service**

I hereby certify that on June 1, 2015, I electronically filed the foregoing Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) with the Clerk's Office by using the CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/ Stephanie King
Legal Assistant
Capital Habeas Unit