## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:06-CR-00001 |
| | ) | |
| CARLOS DAVID CARO | ) | |

## GOVERNMENT'S RESPONSE TO MOTION TO ALTER OR AMEND JUDGMENT

The Petitioner, Carlos David Caro, has filed a motion pursuant to Fed.R.Civ.P. 59(e) seeking to alter or amend the Court's judgment of May 4, 2015 dismissing his 28 U.S.C. §2255 petition collaterally attacking his conviction and death sentence. *Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e)* (hereinafter, "*Motion to Alter or Amend*"). He asserts five bases to support his claim that the Court made "clear errors of law" in denying his petition. For the reasons set forth herein, his motion is without merit and should be denied.

After an introductory discussion of the applicable standard for assessing a Rule 59(e) motion, each of Caro's claims will be addressed seriatim.

**RELIEF UNDER FED.R.CIV.P. 59(e) IS TO BE USED SPARINGLY AND ONLY WHEN THE COURT'S DECISION OR FINDINGS ARE "CLEARLY WRONG"**

As Judge Faber observed in <u>Savoca v. United States</u>, No. CIV. A. 2:06-00572, 2010 WL 2367366, at *1 (S.D.W. Va. June 8, 2010), in opining on the propriety of granting a motion to alter or amend a judgment under Rule 59(e), the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice." *Hill v. Braxton,* 277 F.3d 701, 708 (4th Cir. 2002) (citation omitted); *see also United States ex rel. Becker v. Westinghouse*

*Savannah River Co.,* 305 F.3d 284, 290 (4th Cir. 2002), *cert. denied,* 538 U.S. 1012 (2003). The circumstances under which this type of motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.' " *Woodrum v. Thomas Mem'l. Hosp. Found., Inc.,* 186 F.R.D. 350, 351 (S.D.W.Va. 1999) (citation omitted).

A Rule 59(e) motion may not be used to raise arguments or present evidence that could have been raised prior to the entry of judgment. *See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir. 1998) (citing 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1, at 127–28 (2d Ed.1995). A motion to reconsider should not be granted where the moving party simply seeks to have the Court "rethink what the Court ha[s] already thought through—rightly or wrongly." *United States v. Torain,* 77 F.Supp.2d 749, 751 (S.D.W.Va. 1999)(citing *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F .R.D. 99, 101 (E.D.Va.1983).

Caro seeks relief solely to correct what he argues are "clear errors of law" in the Court's rejection of his petition. *Motion to Alter or Amend* at 2. The Western District of North Carolina in McKinney v. Colvin, No. 1:11CV199, 2013 WL 1320788, at *1 (W.D.N.C. Apr. 1, 2013) aff'd, 552 F. App'x 214 (4th Cir. 2013), repeated a colorful yet apt description of the standard cited by the Fourth Circuit in *TFWS, Inc. Franchot,* 572 F.3d 186, 194 (4th Cir. 2009) in evaluating the merits of such a claim. "A prior decision does not qualify for [reconsideration pursuant to Rule 59(e)] by being just maybe or probably wrong; it must ... strike us as wrong with the force of a five-week-old, unrefrigerated dead fish. That is, the decision must be "dead wrong."

It is the government's position that none of the arguments that Caro offers in support of his *Motion to Alter or Amend* meet those standards. The motion raises arguments that could have been raised prior to the entry of judgment in response to the government's motion to dismiss. In addition, it fails to articulate any "clear error" as that term has been construed by the Fourth

Circuit. Under prevailing standards, Caro fails to make a threshold showing of entitlement to relief under Rule 59(e). Regardless of whether the motion is sufficient to survive the procedural hurdles, the government further submits that there is no substantive merit to any of Caro's arguments.

### A. THE COURT'S DENIAL OF CLAIM I (STRATEGIC DELAY OF INDICTMENT) IS DISPOSITIVE OF THE IDENTICAL CLAIM MADE IN CLAIM VI.A.

Caro asserts that the Court's order of dismissal is not "final" for purposes of Rule 54 of the Federal Rules of Civil Procedure because the Court failed to decide one of his claims. *Motion to Alter or Amend* at 3. Specifically, he alleges that the Court did not address Claim VI. A,[1] which charged that his counsel was ineffective in failing to challenge "the government's deliberate and tactical delay" of his indictment during the penalty phase. *Defendant's Motion for Collateral Relief Pursuant to 28 U.S.C. §2255* (hereinafter, "*Petition*"), at 65.

In Claim One, Caro alleges that counsel was ineffective at the pretrial stage in failing to raise the claim that the government violated his Fifth Amendment due process rights by "deliberately and tactically delaying the indictment of the capital case until after the government had negotiated a disproportionate plea in the Benevidez assault." *Petition* at 20. In sustaining the government's motion to deny relief under Claim I, the Court held, first, that the claim was procedurally defaulted. Second, assuming without deciding that Caro had demonstrated "actual prejudice," the Court conducted the required balancing test, weighing any prejudice he may have suffered against the government's justification for the delay. Noting that "(A)ctual prejudice to the defense of a criminal case may result from the shortest and most necessary delay," the Court

---

[1] The Petition lists the claims using the full spelling of the number rather than the Roman numerals used in the *Motion to Alter or Amend*. In this response, the United States will use the Roman numerals used by Caro in the latter document.

found that the government had articulated legitimate reasons for the delay and rejected Caro's allegation that the delay was a deliberate effort by the government to gain some strategic advantage. The Court concluded, "Any delay in the indictment against Caro does not offend 'fundamental conceptions of justice or the community's sense of fair play and decency.'" *United States v. Caro,* No. 1:06CR00001, Doc. 808 (May 4, 2015) (hereinafter, "Caro Opinion") at 21-23.

Caro's contentions in Claims I and VI. A. are identical except that they pertain to different stages of the trial. In support of Claim VI. A, Caro relies upon and "incorporates the facts and law stated in Claim One." *Petition* at 65. Indeed, in addressing Claim VI. A, the Court noted that Claim VI. A "builds on Caro's allegations in Claim I." *Caro Opinion* at 41. Although the Court did not expressly find that the legal bases relied upon to deny Claim I were dispositive of Claim VI. A, that conclusion is implicit in the opinion. If the Court found that the government had legitimate bases for the delay and the timing of the indictment did not "offend fundamental conceptions of justice or the community's sense of fair play and decency" during the pretrial stage, that same reasoning would dictate the same result with regard to Claim VI. A.[2]

> **B. BECAUSE THE PARTIES SUBMITTED EVIDENCE OUTSIDE OF THE RECORD, THE COURT WAS NOT REQUIRED TO ACCEPT ALL ALLEGATIONS IN THE PETITION AS TRUE.**

Caro charges that throughout its opinion, the Court "imposed its own speculation regarding trial counsel's performance instead of accepting the allegations in the Petition as true." *Motion to Alter or Amend* at 3. That claim is belied by the record.

At the outset, Caro is wrong when he asserts that the Court was "obliged" to accept his "well-pleaded allegations as true." Because the parties both submitted evidence that was extrinsic

---

[2] If it feels the need to do so, the court may wish to supplement its May 4, 2015 opinion to make that conclusion explicit.

to the pleadings, the Court was permitted to analyze the merits of the claims pursuant to Rule 56 of the Federal Rules of Civil Procedure and was not required to accept Caro's pleadings as true.

The case he cites, *Gordon v. Braxton,* 780 F.3d 196 (4th Cir. 2015), does not support his claim. *Gordon* analyzed a district court's summary dismissal without an evidentiary hearing of a habeas petition filed *pro se* by a state court prisoner pursuant to 28 U.S.C. §2254.  Gordon initiated his quest for collateral relief by filing his petition in the state court.   His petition raised six claims. After denying Gordon's request for an evidentiary hearing, the state court summarily dismissed the first five, all related to counsel's performance at the sentencing phase, based on a finding that Gordon failed to show deficient performance and prejudice. The sixth claim, however, asserted that counsel failed to file an appeal when Gordon specifically asked him to do so.   The state court also dismissed that claim without a hearing and despite pleadings that created a clear factual dispute, opining that Gordon "merely inquired about an appeal" rather than directing his attorney to file one. 780 F.3d at 199-200. The district court likewise summarily dismissed the petition based upon the state court's reasoning.

The Fourth Circuit granted a certificate of appealability to consider "whether, in light of *Roe v. Flores–Ortega,* 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), and *United States v. Cooper,* 617 F.3d 307 (4th Cir. 2010), counsel was ineffective for not filing a notice of appeal." After first finding that the state court "unreasonably truncated further factual development on Gordon's contention that (his counsel) failed to file an appeal," and that Gordon, as a *pro se* litigant should not be held to the "high standards of legal draftsmanship" expected of an attorney, the Fourth Circuit found that the state and district courts erred in dismissing the claim "on a materially incomplete record." 780 F.3d at 202. That is not the case here.

It is well settled that the evaluation of ineffective assistance of counsel claims is controlled by *Strickland v. Washington,* 466 U. S. 668 (1964) and its progeny.   *Strickland* established a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *Hutchins v. Garrison,* 724 F.2d 1425, 1430-31 (4th Cir. 1983), and the petitioner must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. The Court's analysis of the Caro's claims is consistent with this precedent.   It is apparent from the Caro Opinion that rather than relying upon "mere speculation," the Court properly considered all of the evidence before it and found that trial counsels' decisions, under all of the circumstances, were reasonable. There is no error in those conclusions and Caro's arguments to the contrary should be rejected.

**C.**   **THERE WAS NO INDIVIDUAL ERROR IN ANY ASPECT OF CARO'S TRIAL AND HENCE THERE WAS NO BASIS TO FIND CUMULATIVE ERROR WARRANTING HABEAS RELIEF.**

Caro complains that the Court failed to consider his cumulative error arguments with regard to Claims IV and VI.   For the reasons set forth in the Court's opinion, his complaint should be rejected.

After analyzing all of Caro's individual claims of error, finding each to be without merit and observing that "cumulative error seldom supports reversal," the Court considered and rejected Caro's "cumulative error" argument[3] in each instance in which it was raised.   *Caro Opinion* at 39, 62, 76, 94. In doing so, the Court relied upon and cited the analysis of cumulative error in

---

[3] Indeed, the Fourth Circuit had little trouble rejecting Caro's "cumulative error" argument challenging the sentencing on direct appeal, finding that, "Although we recognized several possible errors, they were not widespread or prejudicial enough to have fatally infected Caro's trial or sentencing hearing. The proceeding below adhered to fundamental fairness. Each aggravating factor determined by the jury was well supported by the record. Finally, we cannot see how cumulative error could have caused the jury to weigh sentencing factors any differently."   *United States v. Caro,* 597 F.3d 608, 635-36 (4th Cir. 2010)

*United States v. Basham,* 561 F.3d 302 (4th Cir. 2009), observing

> Pursuant to the cumulative error doctrine, "[t]he cumulative effect of two or more individually harmless errors has the potential to prejudice a defendant to the same extent as a single reversible error." *United States v. Rivera,* 900 F.2d 1462, 1469 (10th Cir. 1990) *cited with approval in United States v. Martinez,* 277 F.3d 517, 532 (4th Cir. 2002). Generally, however, if a court "determine[s] ... that none of [a defendant's] claims warrant reversal individually," it will "decline to employ the unusual remedy of reversing for cumulative error." (citation omitted). To satisfy this requirement, such errors must "so fatally infect the trial that they violated the trial's fundamental fairness." *United States v. Bell,* 367 F.3d 452, 471 (5th Cir. 2004). When "none of [the] individual rulings work any cognizable harm, ... [i]t necessarily follows that the cumulative error doctrine finds no foothold.

561 F.3d at 330.

The district Court's analysis comports with controlling Fourth Circuit precedent, is consistent with the record and correct as a matter of law. Caro's suggestion to the contrary is meritless.[4]

**D.   THE COURT APPLIED THE PROPER STANDARD IN CONCLUDING THAT THERE WAS NO PREJUDICE IN CONNECTION WITH CARO'S CLAIM THAT COUNSEL FAILED TO INVESTIGATE AND PRESENT EVIDENCE OF BOP NEGLIGENCE (CLAIM VI.H).**

Caro argues that the Court applied an incorrect standard for assessing prejudice in connection with his claim that defense counsel failed to investigate and present evidence of negligence by Bureau of Prisons (BOP) employees. *Motion to Alter or Amend* at 8.   The law is to the contrary.

The Court addressed and rejected Caro's claim that counsel was ineffective in failing to investigate and present evidence of what he terms "negligence" by BOP officials at USP-Lee in

---

[4] In a footnote to argument C, Caro states that, "At a minimum, the court should grant a certificate of appealability (COA) on Claims IV and VI." The government is uncertain if this statement relates only to cumulative error or the myriad of sub-arguments in each claim. In either case, and for the reasons set forth in the court's opinion, the United States submits that a COA should not issue as to either claim.

placing Sandoval in Caro's cell, finding that "there is not a reasonable probability that this evidence would have changed the outcome of the trial." *Caro Opinion* at 56. This conclusion is consistent with the record.

The government restates its position that the record conclusively establishes that the BOP officials were not negligent in placing Sandoval in Caro's cell. *Gov't Motion to Dismiss* at 31-33. With the exception of speculation postulated by Bezy, the record is devoid of any statement or testimony that Caro murdered Sandoval for any reason other than that which Caro gave to the prison officials and to other gang members during his jail calls: he was upset that Sandoval threatened to eat his breakfast and Sandoval had "disrespected" him. There is no basis to support any claim that BOP officials were negligent, to support any claim that defense counsel's failure to present such testimony was unreasonable and certainly no basis to refute the Court's finding that any such testimony would not have changed the outcome of the trial. Because the Court did not err, much less clearly err, Caro's argument to the contrary must be rejected.

E.    THE COURT PROPERLY RELIED UPON RULE 606(b) OF THE FEDERAL RULES OF EVIDENCE IN REJECTING JUROR STATEMENTS OFFERED TO IMPUGN THE IMPOSITION OF THE DEATH PENALTY.

Caro challenges what he characterizes as the Court's "wholesale rejection" of the post-verdict affidavits of jurors obtained by §2255 counsel, which were offered as "evidence to establish prejudice" resulting from the deficient performance of defense counsel during the penalty phase of the trial. Specifically, he cites the affidavits of Juror 790-29 (knowing that Caro had brain damage would have made a difference), Juror 790-33 (same) and 790-31 (knowledge of brain damage would have caused juror not to vote for death penalty). These affidavits, he contends, are not offered to impugn the validity of the jury verdict, but rather to demonstrate that it was "more probable than not that the jury would have struck a different balance (on the imposition

of the death penalty) if counsel's performance were not deficient." *Motion to Alter or Amend* at 8-9. This is a distinction without a difference. Despite Caro's protestations to the contrary, the affidavits do indeed target the validity of the verdict imposing the death penalty.

Caro fails to establish any error much less clear error under Rule 59(e). Relying on an unpublished Vermont district court case, *United States v. Fell,* No. 2:01cr-12, 2013 WL 1953322 (D.Vt. May 10, 2013), Caro contends that Rule 606(b) of the Federal Rules of Evidence does not apply to capital §2255 proceeding and that the affidavits are not in any case barred by the Rule because they are offered solely to support his claim that at least one juror would have struck a different balance with regard to the death penalty. His arguments are without merit.

*Fell* is not controlling precedent in the Fourth Circuit. It is unpublished, has not been cited in any reported decision and, to the extent it purports to extend a blanket prohibition on the applicability of Rule 606(b) in capital §2255 proceedings, it is directly contrary to established law in our circuit. *Fullwood v. Lee,* 290 F.3d 663 (4th Cir. 2002).

*Fell's* reliance on *United States v. Jones,* 132 F.3d 232 (5th Cir. 1988) seems misplaced. In *Jones*, the defendant offered juror affidavits to impugn the death penalty based upon a claim that the jurors were confused by the court's jury instructions. Rejecting the affidavits, the court opined

> Jones cannot utilize juror affidavits to undermine the jury verdict. *See* Fed.R.Evid. 606(b); *United States v. Ruggiero,* 56 F.3d 647, 652 (5th Cir. 1995). Federal Rule of Evidence 606(b) bars juror testimony regarding at least four topics: (1) the method or arguments of the jury's deliberations, (2) the effect of any particular thing upon an outcome in the deliberations, (3) the mindset or emotions of any juror during deliberations, and (4) the testifying juror's own mental process during the deliberations. *See Ruggiero,* 56 F.3d at 652. Under the rule, a juror may only testify to extraneous forces which influence jury deliberations. . . . The defendant argues that the inapplicability of the Federal Rules of Evidence during sentencing hearings precludes the use of Rule 606(b) to bar juror affidavits impeaching the sentence. *See* 18 U.S.C. § 3593(c). The reasons for not allowing jurors to undermine verdicts in jury trials, however, apply with equal force to sentencing hearings. *See Silagy v.*

*Peters,* 905 F.2d 986, 1009 (7th Cir. 1990) (holding that a juror's statements could not be used in a habeas corpus proceeding to impeach the jury's sentencing determination). Noting that the Eighth Amendment requires a "greater degree of reliability when the death sentence is imposed," we are convinced that Rule 606(b) does not harm but helps guarantee the reliability of jury determinations in death penalty cases.

Caro's argument also fails for factual reasons. First, the Court found that trial counsel conducted a reasonable investigation into Caro's background, including but not limited to his mental health. Second, the Court concluded that counsel's decision to forego the presentation of mental health evidence was not unreasonable. *Caro Opinion* at 42-45. Thus, Caro cannot establish the first prong of the *Strickland* test, that is, that counsels' performance was so deficient that they was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment. Since Caro cannot establish deficient performance, any argument relating to prejudice is moot.

Restating the argument made in its motion to dismiss Caro's Petition, the government contends that there is no reliable information that Caro suffered from "brain damage." *Gov't Motion to Dismiss* at 41-43. As the Court opinion observes, defense counsel was aware of the potential that Caro's mental health might be at issue, they conducted an immediate and thorough investigation of that potentiality and, at the end of the day, reasonably concluded that their case would not benefit from the introduction of mental health testimony. *Caro Opinion* at 42-45 Certainly, there is no evidence from any qualified expert available to the defense that Caro suffered from "brain damage." Hence, the factual predicate that §2255 counsel asserts as the premise for the jurors' affidavits does not exist.

Based upon the foregoing, the United States submits that the Court's evaluation of the admissibility of juror affidavits was correct. In any case, the Court's finding that defense counsel conducted a reasonable investigation of Caro's mental health forecloses any argument that their performance was deficient. Hence, Caro's claim must fail.

**CONCLUSION**

The government submits that Caro not demonstrated any clear error of law, but instead relies on Rule 59(e) merely to request that the Court "' rethink what the Court ha[s] already thought through-rightly or wrongly.' " *United States v. Torain,* 77 F. Supp.2d 749, 751 (S.D.W.Va. 1999) (citing *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99 (E.D.Va. 1983). It would be improper for the Court to grant the instant motion on that basis. In the absence of clear error of law, any suggestion of intervening controlling case law or presentation of newly discovered evidence, the Court should deny the Caro's Rule 59(e) motion, instead appropriately reserving this extraordinary remedy for truly exceptional circumstances which do not exist in this case.

Respectfully submitted,

/s/ Anthony P. Giorno
ANTHONY P. GIORNO
Acting United States Attorney
Virginia State Bar No. 15830
P.O. Box 1709
Roanoke, VA   24008-1709
Tel: (540) 857-2250
Fax: (540) 857-2614
Email: anthony.giorno@usdoj.gov

**C E R T I F I C A T E**

I hereby certify on June 18, 2015, I electronically filed the foregoing Response with the Clerk of the Court using the CM/ECF filing system which will send the notification of such filing to all counsel of record.

/s/ Anthony P. Giorno
Anthony P. Giorno
Acting United States Attorney