**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:06CR00001-JPJ |
| Plaintiff, | DEATH-PENALTY CASE |
| vs. | Reply to Government's Response to Motion to Alter or Amend Judgment |
| CARLOS DAVID CARO, | |
| Defendant. | |

Carlos David Caro, through undersigned counsel, files his Reply to the Government's Response to his Motion to Alter or Amend Judgment (ECF No. 813). For the reasons in his motion and in this reply, Mr. Caro respectfully requests that this Court grant him relief.

## INTRODUCTION

The Government contends that motions filed pursuant to Rule 59(e) "typically are denied." (ECF No. 813 at 2). This case, however, is anything but typical. Indeed, it would have been typical to have held a hearing in accordance 28 U.S.C. § 2255, which requires a hearing unless the motion and files "conclusively show that the prisoner is entitled to no relief." Instead, this Court dismissed this capital 2255 motion without a hearing. That, in and of itself, should provide this Court with reason to reconsider its denial of relief. Mr. Caro responds below to the arguments presented in the Government's response.

### A. The Court failed to decide Subclaim VI.A.

The Government argues that the Court ruled on subclaim VI.A, but points to no language in the Court's opinion to support that conclusion. Instead, it argues merely that the ruling was "implicit in the opinion." (ECF No. 813 at 4.) The Government even suggests that the Court "may wish to supplement" its

opinion to make its ruling explicit. (*Id.* at 4, n.2.) As even the Government recognizes, this Court failed to address subclaim VI.A, and therefore it must do so before Mr. Caro may appeal the decision.

### B. This Court erred by imposing its own speculation regarding trial counsel's performance instead of accepting all allegations as true.

The Government asserts that the Court did not "rely[ ] upon 'mere speculation'" in dismissing Mr. Caro's 2255 Motion. (ECF No. 813 at 6.) Yet it makes this assertion without even addressing the multiple instances from the Court's opinion where it postulated what "could have" been counsel's reasoning or strategy for their performance. (*See* ECF No. 811 at 4.) Instead, the Government spends the bulk of its argument attempting to distinguish a Fourth Circuit case that Mr. Caro cited for the proposition that the Court should accept well-pleaded allegations as true when considering a motion to dismiss. (*See id.* at 3) (citing *Gordon v. Braxton*, 780 F.3d 196, 204 (4th Cir. 2015)). The fact that *Gordon* was a habeas proceeding that arose from a state-imposed conviction is irrelevant for the purposes for which Mr. Caro cited the case. Finally, even if the Government's argument is correct that the Court need not accept Mr. Caro's allegations as true because exhibits were submitted with the pleadings (ECF No. 813 at 5),[1] an evidentiary hearing was still necessary to resolve multiple areas of factual dispute. Instead, the Court hypothesized as to the potential rationale for counsel's actions. That was clear error, and the Court should set aside its judgment.

---

[1] The Court's opinion failed to address the numerous exhibits that Mr. Caro attached to his motion in support of his penalty-phase IAC claim, including declarations from a standard-of-care expert, trial counsel, and mental health experts.

**C. This Court failed to conduct a cumulative review of the deficient performance in determining whether prejudice resulted from those deficiencies during the guilt/innocence phase or penalty phase of trial.**

The Government misapprehends Mr. Caro's argument regarding the Court's legal error in reviewing his ineffective assistance claims for cumulative error. Mr. Caro does not contest that the Court included a discussion—albeit brief—of cumulative error at the conclusion of each of his ineffectiveness claims. (*See* ECF No. 6.) What he argues was the Court's error—and what the Government fails to address—is that the cumulative review was fundamentally flawed. Mr. Caro alleged several deficiencies regarding counsel's performance that combined would constitute prejudice. As to some of those allegations, the Court assumed deficient performance and only found that each of those deficiencies *alone* did not constitute prejudice. What the Court was then bound to determine was whether those combined deficiencies *combined* prejudiced Mr. Caro by denying him a fair trial or sentencing. Because the Court failed to conduct this review, it should grant Mr. Caro's motion and conduct a proper review of the claims.[2]

**D. This Court applied the incorrect standard for assessing prejudice in reviewing Subclaim VI.H.**

The Government fails to address Mr. Caro's argument that the Court misapplied the law as explained by the Supreme Court in *Rompilla v. Beard*, 545 U.S. 374, 393 (2005). Rather, the Government simply claims that the Court's conclusion is consistent with the record. Because the Government presents no argument explaining why it was not clear error for the Court to apply a test that was specifically rejected by the *Rompilla* Court, this Court should grant Mr.

---

[2] To address the Government's uncertainty (ECF No. 813 at 7, n.4), Mr. Caro has requested a COA on both Claim IV and IV in their entirety, as it would be unusual to only grant a COA on the cumulative aspect of the claim without being able to assert the allegations of deficient performance that support the claim.

Caro's motion for relief.

**E.     This Court committed clear error in its wholesale rejection of juror statements.**

Contrary to Mr. Caro's argument, the Government claims that the juror affidavits do impugn the jury's verdict. (ECF No. 813 at 9.)   But Mr. Caro explained that the affidavits were submitted as evidence supporting *Strickland/Wiggins* prejudice.   Mr. Caro has the burden of demonstrating that there is a reasonable probability that the evidence that trial counsel could have presented, but did not, would have struck a different balance for at least one juror. For the Court to then reject the consideration of the evidence proffered in support of his claim was clear error.[3]

Moreover, the Government's argument that that Mr. Caro's claim fails for factual reasons is belied by the record and provides, once again, additional support that the Court erred in denying an evidentiary hearing.  The Government contends both that the trial counsel's decision to forego presentation of mental health evidence was reasonable and that there is "no evidence from any qualified expert available to the defense that Caro suffered from 'brain damage.'" (ECF No. 813 at 10.)   Mr. Caro submitted declarations from trial counsel and the mitigation specialist (ECF Nos. 790-5, 790-7, 790-9) and each of these declarations contradict a finding that the decision to forego presentation of mental health evidence was "reasonable." Counsel admitted that they did not to present *any* expert to explain Mr. Caro's brain dysfunction and childhood trauma because of who the Government selected as their expert witness—and they made this decision *without even reviewing the Government expert's report.* (ECF No. 790-

---

[3] The Government spends the bulk of its argument explaining that *Fell* is inapplicable here.  (ECF No. 813 at 9.)   But even if the Court disregards the District Court's opinion in *Fell*, the Government has not explained why it was not legal error under *Strickland/Wiggins* for the Court to have discounted entirely the juror affidavits.

5, ¶ 18.)  Mr. Caro also submitted an unrebutted declaration from a standard-of-care expert that explained that trial counsel fell below the standard of care in death penalty cases.  (ECF No. 790-4.)

Further, the Government makes a baseless assertion that there is no evidence to support the fact that Mr. Caro has "brain damage." (ECF No. 813 at 10.)  The record, however, reflects the exact opposite of the Government's position. Mr. Caro submitted exhibits from the defense psychologist who tested Mr. Caro before trial and from a psychiatrist who evaluated Mr. Caro during the instant proceedings who each concluded that Mr. Caro has brain impairment and explained their findings. (ECF Nos. 790-8, 790-10.)  Moreover, both trial counsel and the mitigation specialist indicated that they were aware Mr. Caro had brain damage.  (ECF Nos. 790-5, ¶13; 790-7, ¶ 8.)  For the Government to contend in its response that no evidence exists to support a finding that Mr. Caro has brain damage is at odds with the record.

## CONCLUSION

For the reasons stated in the Motion to Alter or Amend Judgment (ECF No. 811), and the reasons stated in this reply, Mr. Caro respectfully requests that this Court grant his motion.

Respectfully submitted this 6th day of July, 2015.

s/Robin C. Konrad
Jon M. Sands
Federal Public Defender
Robin C. Konrad (Alabama Bar No. 2194-N76K)
Office of the Federal Public Defender
District of Arizona
850 West Adams Street, Suite 201
Phoenix, Arizona  85007
robin_konrad@fd.org
Telephone:  602-382-2816
Facsimile:  602-889-3960

5

Fay F. Spence (Virginia Bar No. 27906)
Federal Public Defender's Office
210 First Street, SW, Suite 400
Roanoke, Virginia 24011
fay_spence@fd.org
Telephone:  540-777-0880
Facsimile:  540-777-0890

Brian J. Beck (Virginia Bar No. 78049)
Federal Public Defender's Office
201 Abingdon Place
Abingdon, Virginia 24211
brian_beck@fd.org
Telephone:  276-619-6080
Facsimile:   276-619-6090

Attorneys for Defendant
Carlos David Caro

6

**Certificate of Service**

I hereby certify that on July 6, 2015, I electronically filed the foregoing Reply with the Clerk's Office by using the CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/ Robin Stoltze
Legal Assistant
Capital Habeas Unit