# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | Case No. 1:06CR00001 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **CARLOS DAVID CARO,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Anthony P. Giorno, Acting United States Attorney, Roanoke, Virginia, for United States. Jon M. Sands, Federal Public Defender, and Robin C. Konrad, Assistant Federal Public Defender, Phoenix, Arizona, and Fay F. Spence and Brian J. Beck, Assistant Federal Public Defenders, Roanoke and Abingdon, Virginia, for Defendant.*

In this death penalty case, Defendant Carlos David Caro filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, raising sixteen claims asserting that his conviction and sentence were unconstitutionally obtained. I denied the § 2255 motion. *United States v. Caro*, No. 1:06CR00001, 2015 WL 1964430 (W.D. Va. May 4, 2015). The defendant has timely filed a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). The motion to alter or amend has been fully briefed.

The relevant facts are set forth in my earlier opinion, and I will not repeat them here. Caro contends that I committed five errors of law. First, he asserts that I failed to decide subclaim VI.1, which was a claim of ineffective assistance of

counsel during the penalty phase. Second, he contends that I failed to accept his allegations as true and instead engaged in speculation regarding trial counsel's strategy. Third, he claims that I failed to conduct a cumulative review of the alleged deficiencies in trial counsel's performance. Fourth, he contends that I applied an incorrect standard for assessing whether he had been prejudiced by trial counsel's decision not to present evidence or argument during the penalty phase that the Bureau of Prisons had been negligent in giving Caro a cell mate. Finally, Caro argues that I erred in declining to consider affidavits from jurors stating that had they been presented with certain evidence, they might not have voted to impose the death penalty. Caro also filed a Notice of Supplemental Authority drawing the court's attention to the Tenth Circuit's recent decision in *United States v. Barrett*, 797 F.3d 1207 (10th Cir. 2015), and urging the court to hold an evidentiary hearing on the § 2255 motion.

"A Rule 59(e) motion may only be granted in three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (internal quotation marks and citation omitted). "It is an extraordinary remedy that should be applied sparingly." *Id.*

Here, the defendant relies on the third ground. The Supreme Court has

stated that "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing [court] on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 622 (1993) (citation omitted). "[M]ere disagreement does not support a Rule 59(e) motion," and a judgment that is "factually supported and legally justified" is not clearly erroneous. *Hutchinson v. Staton*, 994 F.2d 1076, 1081-82 (4th Cir. 1993).

Regarding Caro's first contention, I agree that my ruling on subclaim VI.1 is not entirely clear. To avoid any uncertainty, I hereby amend my earlier opinion to state unequivocally that the subclaim is without merit because trial counsel's failure to challenge the delay of Caro's indictment did not constitute deficient performance, nor did it result in any prejudice. This amendment does not affect the judgment entered in this case.

Concerning Caro's other assertions, I have reviewed and considered all of the evidence and arguments submitted in support of the § 2255 motion and the motion to alter or amend the judgment. I am unconvinced that the judgment is clearly erroneous, and I find that none of the circumstances justifying a motion to alter or amend a court's judgment are present in this case.

Accordingly, it is **ORDERED** that the Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure Rule 59(e) (ECF No. 811) is DENIED.

ENTER: November 6, 2015

/s/ James P. Jones
United States District Judge